## ANDREWS v. DENISON.

When a party institutes a suit founded upon a title which his grantor has covenanted to warrant, and the defendant sets up a title adverse to and inconsistent with the title thus warranted, the grantor may be notified to come and defend against that title, in the same manner that he may be notified to defend against an adverse title set up in an action against his grantee.

He can not in such case be required to do more, in the prosecution of the suit, than is necessary to the defence against the title which is set up; as he can not, when summoned in the defence of a suit, be required to defend farther than the title which he has warranted.

The right of the plaintiff to give notice to his grantor may be limited to a case where, in some form, a defence involving the title warranted is set up.

If he might give the notice upon the institution of the suit, without any knowledge whether the defence would involve the validity of the title warranted and the covenant of warranty, it would be, in effect, a notice to come in and prosecute the writ, which would not, under such circumstances, be a good notice.

A warrantor who is notified in such case is not bound by the proceedings and judgment beyond what was in controversy and determined in the case. To that extent the proceedings and judgment are evidence in a suit against him on his covenant of warranty, and conclusive evidence of the right set up by the defendant in the first suit adverse to the title he warranted.

But they are not evidence in relation to any matters tried in that writ which were not within the scope of the warranty, nor of any matters within the scope of the warranty which were not in issue and settled in that action.

The matter in issue in such case within the scope of the warranty, is the right and title of the defendant set up in the case.

If the deed under which the defendant made his defence tended to show a title to other property which was embraced in the plaintiff's deed but for which he did not bring the suit, the verdict and judgment will not be evidence in a suit on the warranty, to show the plaintiff's right to recover for that, because the validity of the deed would only be in issue so far as it embraced the property for which the suit was instituted.

COVENANT, founded upon an alleged breach of the covenant against incumbrances, in a deed of the defendant to

the plaintiff, of lot No. 36 in the second division in Northumberland, bearing date December 8, 1835.

The breach assigned was the ownership of one James Gilchrist, at the date of the deed, of all the pine timber on said lot and his right to cut and carry away the same.

Issue was joined upon this alleged ownership of Gilchrist.

It appeared that Gilchrist, March 1, 1837, was the owner of said lot and timber, and that on that day he sold and conveyed the lot, reserving the pine timber and the right to cut and take it off. The title of the defendant was derived from Gilchrist's grantee through several intermediate conveyances.

Levi W. Cobleigh subsequent to the date of the deed from the defendant to the plaintiff, claiming the pine timber by virtue of a bill of sale from Gilchrist of all the right and interest of Gilchrist in the same, entered upon the lot and cut and carried away a portion of the timber. And the plaintiff brought an action of trespass to recover of Cobleigh the damages sustained by reason of his thus cutting and carrying away said timber.

In defence of the action, Cobleigh set up the right to the timber acquired by him by virtue of said bill of sale, and in the due course of legal proceedings and upon that ground of defence at the court of common pleas, May term, 1839, recovered judgment against the plaintiff for his costs taxed at $38.50. The costs of the plaintiff necessarily expended about the prosecution of that action, were $68.90. After the commencement of the action, the plaintiff being informed of the nature of the defence and that it was set up, notified the defendant thereof and requested him to come into court and maintain his title against the claim thus set up by Cobleigh; but the defendant did not appear.

The court instructed the jury that the judgment in favor of Cobleigh against the plaintiff was, under the

circumstances, as between the plaintiff and defendant, conclusive evidence of the fact of the existence of the alleged incumbrance and that the plaintiff was entitled to a verdict. And on the subject of damages, the court instructed the jury to add to the value of the incumbrance the amount of the judgment recovered by Cobleigh against the plaintiff, and also the amount expended by the plaintiff in prosecuting the suit against Cobleigh.

A verdict was returned accordingly, and the defendant moved for a new trial.

*Young*, for the defendant. A party can not be cited in to prosecute a suit. Stearns on Real Actions 99, sec. 7.

The judgment *Andrews* v. *Cobleigh* is not conclusive as to the incumbrance. If it is conclusive, it is only so as to the amount of the timber claimed in the declaration *Andrews* v. *Cobleigh*. The verdict covers that and a much larger amount. If it had been in favor of Andrews, would it have furnished Denison with a full defence to this suit, or only to the amount of the sum claimed in that suit? If it could be so used by Andrews in this case, then Denison could use it as a full defence if the verdict in this case had been the other way. But it is clear that Denison could not so use it. It goes only to a part. It was not between the same parties.

The precise point does not appear by the record to have been adjudged. The declaration in *Andrews* v. *Cobleigh* is for a less amount of timber and prior to the time of this.

The judgment is not conclusive unless made so by the plaintiff's replying it by way of estoppel. Not having done so he waives its conclusiveness. *Rawlyn's Case*, 4 Coke 53. Though the plea was to the country, the parties are not concluded by it from pleading the estoppel. If offered in evidence it is not conclusive, but must be pleaded, Roscoe's Evidence 102; *Outram* v. *Morewood*, 3 East 346; 14 Mass. 241-3; 17 Mass. 365-6. It would be admissible,

as conclusive under the general issue if there had been no opportunity to reply it. *Brinsmaid* v. *Mayo*, 9 Verm. 35 ; *Lord* v. *Bigelow*, 8 Verm. 461 ; *Dorset* v. *Manchester*, 3 Verm. 371 ; 1 Ch. Pl. 592 ; 1 Saund. 325, p. 4. The precise point should appear from the record alone to make an estoppel. 1 Starkie 223, p. 1.

*Wells & Cushman*, for the plaintiff. 1. The right of Cobleigh to move the timber, if valid, is an incumbrance. 4 Mass. 627 ; 10 Mass. 260 ; 2 Mass. 97.

2. The judgment *Cobleigh* v. *Andrews*, is conclusive between them as to the title to the timber, the same being rendered by a competent tribunal, and the adjudication directly upon the title to the timber, reserved by Gilchrist. 17 Mass. 365 ; *Adams* v. *Barnes*, 12 Mass. 268 ; 13 Mass. 443 ; 1 Pick. 435 ; 1 Pick. 535.

3. The notice to Denison of the pendency of the suit against Cobleigh, and of the claim of Cobleigh to the timber in question, renders the judgment against Andrews equally conclusive against Denison. Notice of a suit and an opportunity to be heard concludes the party having the notice. *Burrill* v. *West, Jr.*, 2 N. H. 191.

The purpose of giving the notice is in order to give a ground of action ; but if a demand be made which the person indemnifying is bound to pay, and notice be given to him, and he refuse to defend the action, in consequence of which the person to be indemnified is obliged to pay the demand, that is equivalent to a judgment, and estops the other party from saying that the defendant in the first action was not bound to pay the money. Per Judge Buller, *Duffield* v. *Scott*, 3 T. R. 376. See also 18 Com. Law 441 ; 23 Com. Law 106 ; 7 Petersdorf 157 ; 7 Petersdorf 236 ; *Cooper* v. *Watson*, 10 Wend. 202 ; 2 Coke 291, note, B ; *Williams* v. *Shaw*, 2 Taylor 197 ; *Parks* v. *Bates*, 12 Verm. 381 ; *Brown & als.* v. *Taylor, Administrator*, 13 Verm. 631 ; *Blaisdell* v. *Babcock*, 1 Johns. 517 ;

Andrews v. Denison.

*Sumner* v. *Williams & al.,* 8 Mass. 162; 7 Johns. 173; *Towns* v. *Nims,* 5 N. H. 260.

PARKER, C. J. The objection to the admission of the proceedings in the suit instituted by the plaintiff against Cobleigh, as evidence in this case, to bind the defendant to the extent of the matters in issue and tried in that case, can not be sustained. The defendant was notified of the pendency of that suit, and the notice was substantially that he might come in and aid in the prosecution of that suit by defending against the right and title set up by Cobleigh, which was adverse to and inconsistent with the right and title conveyed by the defendant to the plaintiff, and which the defendant covenanted that he would warrant and defend. It is true that the warrantor is generally called in to make defence to a suit brought against his grantee instead of being called to defend against a title set up against his grantee in a suit by the latter. But this is not because the covenant of warranty is limited to a case where the grantee is ousted by a writ commenced against him, but because, being usually put in possession by the conveyance, a controversy respecting the merits of a conflicting title generally arises in a suit brought against him. In the transfer by a feoffment under the feudal law there was livery of seizin. The lord put the tenant in possession. And under more modern modes of conveyancing it has been held elsewhere that a party disseized could not convey, so that actual possession was usually transferred with a transfer of the title, and, of course, when a party who was seized and who had put his grantee in possession with a warranty of title, was vouched in to defend that title, it was usually in a suit against his grantee or some one claiming under him. There may perhaps be a question whether the ancient technical *voucher* or the *aide prayer* by the tenant for life, could be resorted to except in defence of a suit. But

when the formal voucher went into disuse, and a notice was substituted, no technical difficulty intervenes; and when a defendant has set up a title adverse to the title conveyed and warranted and upon which the plaintiff relies to sustain his suit, there appears to be as much reason for requiring the warrantor to come in and defend against that title thus set up, as there is in requiring him to make a defence when the action is against his grantor. And *Brown* v. *Taylor*, Administrator, 13 Verm. 631, is a direct authority. In neither case is he required to do more than defend the title he has conveyed and agreed to warrant. With all other matters, of defence in the one case, or in the prosecution of the writ in the other case, he has no concern. There is a particular propriety in holding here that notice may be given to a warrantor to come in and defend against a claim set up adverse to the title which he is conveyed, in cases where his grantee is prosecuting a suit for the recovery of the property, because the rule in this State is that a party who has title may convey notwithstanding he is disseized at the time, and in such cases the grantee is not ordinarily put in possession, but is put to his action.

The right of a plaintiff to give notice may be limited to cases where, in some form, a defence involving the title warranted has been set up. If he might give the notice upon the institution of his suit, without any knowledge whether the defence would involve the validity of the title warranted and the covenant of warranty, it would, in effect, be a notice to come in and prosecute the suit which would not be a good notice.

But this case presents another question, namely, to what extent is the evidence of the proceeding available to bind the defendant under his warranty, he having had notice of the suit and of the defence of Cobleigh founded on a title to the timber on the lot paramount to his own?

It is clear that a warrantor can not be bound by a judg-

ment, where he has been notified to defend, beyond what was in controversy and determined in the suit. He is notified to defend against the claim which is set up and to be tried. The suit against Cobleigh was only for the timber cut by him on the lot. The defence which he set up was against that claim. To that extent the suit and judgment are evidence, and, the defendant having had notice, conclusive evidence of the right of Cobleigh. *King* v. *Chase*, 15 N. H. 9. But they are not evidence in relation to matters, if any, which were tried in that suit but which were in no way within the scope of the warranty of the defendant. Nor are they evidence as to any matters within the scope of the warranty which were not in issue and settled in that action.

Then comes the inquiry, what was in issue and tried in the suit against Cobleigh which was within the scope of the warranty? The answer is, the right and title of Cobleigh to the timber which he had cut, and for which the plaintiff brought his action. Nothing more, nothing less. That was all for which the plaintiff brought his action and for which he could have recovered. That was all for which Cobleigh defended. That was all which would have been tried if the defendant had come in and made defence against Cobleigh's claim of paramount title.

It is true that on the trial of the issue in that case the validity of the reservation by Gilchrist may have come in question and have been passed upon by the jury, and the validity of Gilchrist's transfer of his right to take the timber, and of all the conveyances of it, up to and including the one to Cobleigh, may also have been examined, and the opinion of the court and jury taken. But the validity of those rights and conveyances could only be in issue so far as the timber which formed the subject matter of the suit was involved. And the title of Cobleigh was settled no farther than that, by the judgment. This may be illustrated by supposing that instead of a reserva-

tion of the timber, Gilchrist had previously executed a deed to Cobleigh apparently conveying the land in fee; of which deed the plaintiff had constructive notice, because it was recorded; and the plaintiff after the conveyance to him had entered into a part of the land and cultivated it. Cobleigh might, in such case, if he had knowledge of the deed to the plaintiff, bring a suit for the recovery of the whole land, treating the plaintiff as a disseizor of the whole, notwithstanding his actual occupation was of a part only, on the principle that one entering under color of title is presumed to enter according to his title; but he would not be bound so to do. He might elect to treat the actual occupation as the disseizin, and institute his suit to recover that part. And in such suit, although the validity of the deed from Gilchrist to Cobleigh would be tried, it would be so only as it affected the piece of land upon which the plaintiff had entered, and the judgment would bind the plaintiff only thus far. If the plaintiff afterward saw fit to enter into the residue of the land, Gilchrist might bring another action, in which he could not avail himself of the former judgment to show his title, but the right must be tried *de novo*. *King* v. *Chase*, before cited. And the warrantor who had been notified would be bound no farther by the judgment. 13 Verm. 631, before cited. For aught which would appear, the rights of the parties might be different in relation to the residue of the land.

So here, Cobleigh's title to the residue of the timber has not been tried. He has not asserted any title by taking it off. He may have no title. A question may arise whether the right to take that has not been lost in some way, for instance by a neglect to take it off in due time.

If the plaintiff would charge the defendant in this case for any thing beyond the matters legally in issue in the suit against Cobleigh, he should not rely upon the judgment to show his right, but should introduce evidence to

show not merely the reservation by Gilchrist, but the existing right of Cobleigh to the residue of the timber. Such rights may perhaps entitle the plaintiff to recover damages for that part, along with damages for the other, notwithstanding the residue of the timber has not yet been taken off.

*Verdict set aside.*