No. 37.—WILLIAM HENDERSON, plaintiff in error, *vs* WILLIAM P. HACKNEY *et al.* defendants.

[1.] Upon the death of one who has been made co-defendant in an action of ejectment, subsequent to the commencement of the suit, the plaintiff may proceed against the original surviving defendants, without making the representatives of the deceased a party to the cause.

Ejectment, from Whitfield Superior Court. Decided by Judge LUMPKIN. October Term, 1852.

In 1847, William Henderson brought his action of ejectment against William P. Hackney and four others, for a lot of land, now in the County of Whitfield. Before the trial, Absalom Holcombe, on a showing of some privity of title, caused himself to be made a co-defendant. A trial was had, from which an appeal was taken, and pending the appeal, Absalom Holcombe died and his death was suggested of record. The plaintiff moved to proceed against the other defendants, which the Court refused, holding that the case could not go on until the legal representatives of Holcombe were made parties.

On which decision error is assigned.

SHACKELFORD, for plaintiff in error.

UNDERWOOD, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

To my mind, the question submitted by this record for our decision cannot admit of a doubt.

[1.] By what is called the *Practice Act* in England, the landlord or *other proper person*, is permitted, upon application,

Henderson *vs.* Hackney.

to become a co-defendant in an action of ejectment. *Other proper person,* was defined by *Lord Mansfield,* in *Fairclaim vs. Shantitle,* (3 *Burrows,* 1294,) to be every person, whose title is connected to, or consistent with the title of the occupier, and liable to be divested or disturbed by any claim adverse to such possession. And the Courts have given a liberal construction to the provisions of the Statute, by which persons behind are let in to defend the title of the tenant, as it operates to prevent treachery and confusion, as well as a multiplicity of suits.

But it would be hard indeed, to hold that the plaintiff in ejectment was bound to bring in all persons who claimed in privity with the defendant, or to retain them as parties to the action, either personally while living, or through their representatives when dead. They come in upon their own motion, upon an *ex parte* suggestion of having an interest in the suit, which suggestion cannot be controverted.

Suppose the title in controversy had been deeded with warranty a dozen times; every mesne feoffor, from the State down, would be entitled to come in, and might be vouched by the last grantee, in order to fix them conclusively by the judgment, in case the adverse claim should be established. Would it not be strange to hold that the action would abate, upon the death of any one of these grantors, unless his representatives were made a party? So far has the contrary doctrine gone, that it has been held, that if a person claiming land by deed of warranty commences a suit to recover the possession of the land, and gives notice to his grantor to appear and make title, and his grantor dies pending the suit, the grantee is not under obligation to give notice to the representatives of such grantor to bind them, and that the judgment will be conclusive evidence against the representatives of the grantor, in an action on the covenant of warranty. *Brown et al. vs. Taylor,* 13 *Verm.* 631. Reverse the parties, and apply the principles of this case to the one before us, and the doctrine would be, that Absalom Holcombe, having been made a party defendant and died, not only may the

cause proceed, so far as the plaintiff is concerned, without making his representatives a party, but that in case of a judgment of eviction against his grantees, to wit, William P. Hackney and others, that the same will be conclusive evidence to maintain covenant for a breach of warranty against the estate of Holcombe.

But why search for arguments to reverse a judgment which is rendered in the very face of a positive law? By the Act of 8 and 9 *William III.* 1697; (*Schley,* 290, *and Holchkiss,* 549, 563,) it is provided that, "if there be two or more plaintiffs or defendants, and one or more of them should die, if the cause of action shall survive, to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the suit or action shall not be thereby abated; but such death being suggested upon record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs, against the surviving defendant or defendants.

This suit was originally instituted against the tenants in possession of the land. Can it be doubted, that upon the death of Holcombe the cause of action survives against them? Could not the action be dismissed and recommenced against them, without including the representatives of Holcombe? If so, the death of Holcombe being suggested upon record, as it has been done, the action may proceed against the other defendants. "

Suppose A sues B, C and D upon a promissory note, and pending the action C and D die? Is not A entitled to proceed against B, without making the representatives of the two deceased defendants parties? *A fortiori,* may this be done in an ejectment cause, where the landlord or those occupying the *quasi relation* of landlord, are let in to defend, upon their own motion, and are not brought into Court by the act of the plaintiff, and that too for their benefit and not any advantage to him. True, it is not obligatory upon the plaintiff to proceed before the representatives of the deceased defendant are made a party. It is optional with him. And he will be guided in the matter, as his interest may dictate. If he has a respon-

sible party left, he will go on; otherwise, he will delay the case until by law the representatives of the deceased party or parties are cited to appear.

The reasons for this opinion are innumerable; but what have been offered will suffice, I trust, to authorize the reversal of the judgment awarded by the Circuit Court.