Somers vs. Schmidt.

---

## SOMERS vs. SCHMIDT.

*When eviction of warrantee renders warrantor liable.*

A judgment of eviction against the warrantee in a deed, will not estop the warrantor, in an action on his covenant, from proving title in himself, unless he had notice of the ejectment suit (either oral or written), (1) *from the warrantee;* (2) in *time* to answer and defend; and, *perhaps*, (3) accompanied by a *request* that he defend.

ERROR to the Circuit Court for *Green Lake* County.

*Somers* brings this action to reverse a judgment rendered against him. The case is stated in the opinion.

*Jay Mayham*, for plaintiff in error, cited Rawle on Cov. 244, 246, note and cases there cited; *Paul v. Whitman*, 3 W. & S. 407.

*Israel Holmes*, for defendant in error.

DIXON, C. J. The action in the court below was by *Schmidt* against *Somers*, to recover damages for the

alleged breach of a covenant of warranty contained in a deed of land executed by the latter to the former. *Schmidt* showed an eviction in pursuance of a judgment in a suit in equity for the sale of the land to satisfy a vendor's lien. That suit was brought by one Christian Sauer, a former owner of the land, who had conveyed it to one Jacob Sauer, by whom it was afterward conveyed to *Somers*. The suit was against Jacob Sauer and *Schmidt*. *Somers* was not a party to it; and the question here is, whether he received such notice of its commencement or pendency as will make the judgment conclusive against him in the action upon his covenant. It is not pretended that *Schmidt* ever gave him any notice whatever, either written or verbal, of the commencement or pendency of the suit. *Schmidt* testified on the trial that he did not. It appears, however, that *Somers* did have knowledge of its pendency through the other defendant in it, Jacob Sauer, who called on him the day before the commencement of the term of court at which the judgment was rendered, and requested him to attend as a witness. He did so attend, and was present at court during a part of the term, and heard some conversations with the attorneys about the suit, but was not present at the trial. It would seem that Jacob Sauer undertook to defend the suit, but that his codefendant, *Schmidt*, did not, but allowed judgment to go against him by default. He was not at the court, nor present at the trial. The defense of *Somers* to the action upon the covenant is, that he had no knowledge or notice of the existence of the vendor's lien at the time he purchased and paid for the land, and consequently that it constituted no lien as against him or his grantee, and no breach of the covenant; and the question is, whether, upon the facts above stated, he had such notice of the suit to enforce the lien as that he ought to be concluded by the judgment, or deprived of the right to show that the lien, if it once existed, had

been cut off by a conveyance of the land, and then constituted no incumbrance upon it. In *Paul v. Whitmore* (3 Watts & Serg. 410) it was held that, "to have the effect of depriving the warrantor of the right to show title, the notice should be unequivocal, certain and explicit; a knowledge of the action, and a notice to attend the trial, will not do, unless it is attended with an express notice that he will be required to defend the title." This language is quoted with approbation by that able writer, Mr. Rawle, in his work on covenants, page 244, and the authorities upon the subject very fully collected and examined; and although his conclusion may not be that notice in writing is necessary in order to bind the warrantor by the judgment, yet it very clearly is, that it should in all cases come from the warrantee or party relying upon the covenant, or be given under his direction or authority, and should be to the effect that the warrantor is required to defend the title. In *Miner v. Clark* (15 Wend. 425) it was held by a majority of the court, that a verbal notice of the suit to the grantor, with a request to him to attend to the defense, was sufficient. Such is undoubtedly the rule which has been held in all cases of this nature; and we know of none where it has been decided that notice *aliunde*, or mere knowledge of the suit incidentally acquired through third parties, was sufficient. And the rule is a reasonable and just one. It requires no more of the warrantee or tenant in possession than he ought to be willing to perform if he desires to charge the warrantor with the effect of an estoppel by judgment. It is in harmony with the principle upon which such estoppels rest. The warrantor, being notified of the suit, and having the defense tendered to him so far as it may be necessary for him to establish his title, if he had one, becomes a *quasi* party to the suit, has his day in court, and ought to be concluded by the judgment. But without such notice and a request to defend, he has no such

opportunity, and ought not to be estopped. And when we consider this principle upon which the judgment is held conclusive against the warrantor, and the rule which almost universally prevails in judicial proceedings that notices must be in writing, it would seem that Judge BRONSON was not so very far wrong in *Miner v. Clark*, when he insisted that this also should be written. And especially would this seem proper where it is held, as it has been in some of the states, that notice to the warrantor in his life-time is sufficient to bind his legal representatives after his decease, without the giving of further or other notice to such representatives. This was so held in *Brown v. Taylor*, 13 Vt. 631 ; but the notice there was in writing. But as it appears to be settled that verbal notice is sufficient, we.are not disposed to depart from that rule, though we might wish, for the sake of greater convenience and certainty, that it had been otherwise established.

If, on the other hand, upon mere knowledge of the suit, however acquired, the warrantor would be authorized to come in and assume to conduct the defense so far as the proof of his own title was concerned, there might be some reason for holding him bound by such knowledge. But, without the assent of the defendant in the suit, he has no such authority. It is *res inter alios acta*, and, if he should apply to the court for permission to defend, the defendant not having voluntarily offered it, the answer would be that he had no occasion to do so, since his rights could not be affected by the judgment.

In making these observations, we are fully aware that there is a class of cases of another kind to be found in the books, in which a somewhat different and more liberal doctrine with respect to notice seems to prevail. *Chicago City v. Robbins*, 2 Black, 423, and cases there cited, are instances. It is held, in those cases, that express notice to defend the suit is not necessary. It will be found in all of them, however, that the notice of

the suit was given by the party seeking to take advantage of the judgment, or by some person properly representing him. Thus, in *Chicago City v. Robbins*, the notice was by the city attorney, who applied to *Robbins* to assist him in procuring testimony. *Robbins* did so, wrote to a witness, and was notified by the city attorney when the trial was to take place. But it is enough to say of those cases, that they were none of them actions upon the covenants contained in a deed, and that the rule laid down in them has never been applied to an action of that kind. They are not referred to by Mr. Rawle, although some of them are of quite an early date, and evidently because he considered them inapplicable. Neither do we find them referred to by the courts in cases where the question has been up as to the sufficiency of notice to bind the covenantor in a deed, although they were decided by the same courts by which this question has been so fully settled. Our conclusion, therefore, is, that the doctrine of those cases is inapplicable and ought not to govern in an action like this.

But, if the notice in this case were otherwise good, it was clearly defective in having come to the plaintiff in error too late. Notice, when given by the grantee himself, must be seasonable. The object being to enable the warrantor to come in and defend his title, the notice should be given at or before the return of process, or at least before the expiration of the time to plead or answer, and so that he may have reasonable time to prepare for the defense. It does not appear that the knowledge acquired by the plaintiff in error at that late day was, or could have been, of any avail to him, and the inference must be that it was unavailing. On this point, see *Davis v. Wilbourne*, 1 Hill (S. C.), 28, cited in note to Rawle on Covenants, *supra*.

It follows from these views, that the learned judge who presided at the trial was in error, both in the instructions which he gave to the jury and in those which he refused. He should have given those asked by the counsel for

the plaintiff in error numbered one and two in the bill of exceptions,* and should not have given those numbered four, five and six, to which the plaintiff in error excepted.†

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.

3. The charter of Milwaukee (in 1852) required the council to make a survey of the streets, etc., and, as soon as practicable thereafter, to cause the grade of *all* streets to be established, and cause profiles thereof to be made and filed, etc., and provided, that should the grade so established be afterward altered, the city should be liable to lot owners for

---

* The following are the instructions here referred to: 1. That, unless *Schmidt* gave notice to *Somers* of the pendency of the suit brought by Christian Sauer against *Schmidt* and Jacob Sauer, the judgment in that action is not conclusive against *Somers*. 2. That such notice should have been given within a reasonable time after the commencement of the action, and more than one day prior to the term of court at which the action was tried.

† These were as follows: 4. That it was not necessary that *Somers* should have had from *Schmidt* any formal notice, either written or verbal, of the action brought by Christian Sauer, any length of time prior to the rendition of the judgment, to make the same conclusive against him. 5. That, if *Somers* had constructive notice or actual knowledge of the existence of that suit at a reasonable time prior to the rendition of the judgment, the same is conclusive upon him. 6. That, if he had actual knowledge of the pendency of that action at a reasonable time prior to the trial thereof, the judgment was conclusive upon him.