Saveland vs. Green.

## SAVELAND VS. GREEN.

CAUSE OF ACTION. (1, 2) *Contract made by A. in his own name for B. Liability of A., and his remedy against B.*

JUDGMENT: AWARD: CHAMBER OF COMMERCE: PLEADING. (3–6) *How one not a party or privy may be bound by judgment or award. Tender of defense.* (7) *Pleading, where such judgment or award is relied on.*

PRACTICE: AMENDMENT: APPEAL. (8) *Amendment of pleading, after determination of appeal.* (9) *Appeal dismissed.*

1. If A., in his own name but at the request of B. and for him, contracts with M. to charter to the latter a vessel (the property of B.) for a certain use, he is liable to M. for damages resulting to the latter from a breach of the contract by reason of B.'s failure to put the vessel at M.'s disposal as agreed; and, without waiting to be sued for such damages, may pay them to M., and thereupon maintain an action against B. to recover the same.
2. But in such action against B., A. can recover only the damages actually sustained by M., though he may have paid M. a larger sum.
3. It is the settled law in this state, that one not a party, nor in privity with a party, to an action, is not bound by the judgment unless he had, not only notice of such action, but also *an opportunity to defend it.*
4. The defendant in an action has the absolute right to control the defense thereof, and no one, not a party, can interfere with such defense without the defendant's consent.
5. If, therefore, in the case above stated, M. had recovered in a circuit court of this state a judgment against A. for the breach of contract, B. would not be concluded by such judgment as to the amount of damages actually suffered by M., unless timely notice of the action had been given him, and the defense thereof tendered to him.

Saveland vs. Green.

6. An *award* of damages in M.'s favor against A. for such breach, rendered by the *board of arbitrators of a chamber of commerce*, without such notice and tender of the defense to B., would at least have no greater force against him than a judgment of the circuit court in like circumstances.

7. Where, therefore, A.'s complaint in his action against B. for damages paid by him to M., for such breach of contract, for the purpose of showing B. liable not only for *some* damages, but for the *specific* sum recovered of A., averred the proceedings and award of such a board of arbitrators against A. and in favor of M. for the same breach, and also averred *due notice* of the proceeding given to B., but did not allege any tender of the defense to B.: *Held*, that the court did not err in striking out the former averments as irrelevant.

8. On application therefor by plaintiff, within a reasonable time after the cause is remitted to the trial court, he should be allowed, without costs, to amend his complaint by inserting all the averments required to show defendant's liability for the specific damages recovered against this plaintiff in the former action.

9. The order appealed from not being an abuse of discretion, the appeal is dismissed, pursuant to the practice adopted in *Noonan v. Orton*, 30 Wis., 609.

APPEAL from the Circuit Court for *Milwaukee* County.

This appeal was from an order striking out portions of the complaint as irrelevant and redundant.

The complaint alleges that at the request of the defendant and for him, the plaintiff, in his own name, made a contract with George I. Jones & Co., of Milwaukee, by which he agreed to charter to that firm a certain vessel owned by the defendant, to carry a load of wheat from Milwaukee to Buffalo at the rate of ten cents per bushel; that the defendant, knowing the terms of such contract, agreed with the plaintiff that said vessel should be at Milwaukee to receive said cargo on the 10th of September, 1873; that Jones & Co. were, at the time specified, and for several days thereafter, ready and willing to furnish a full cargo of wheat for such vessel; that the defendant failed to send the vessel to Milwaukee; and that, by reason of such failure, Jones & Co. were obliged to charter and did charter another vessel

at a much higher rate, to wit $1,400, to carry said cargo of wheat from Milwaukee to Buffalo.*

The complaint then proceeds as follows:

"And said plaintiff alleges that he and the said George I. Jones & Co. are, and at the date of the said agreement were, members of the chamber of commerce of Milwaukee, and that said George I. Jones & Co. instituted an action against said plaintiff in accordance with the rules and by-laws of said chamber of commerce before the board of arbitrators of the said chamber of commerce of Milwaukee, to recover from said plaintiff the amount of damages, to wit, the said sum of $1,400, which they had sustained by reason and on account of the failure of said defendant to furnish them the said schooner James D. Sawyer according to the agreement of this plaintiff, made for and at the request of said defendant and with the knowledge of said defendant; that said proceedings were in all respects regular and in compliance with the rules and by-laws of said corporation; and that said board of arbitrators adjudged that this plaintiff was liable to pay and should pay said sum of $1,400 to said George I. Jones & Co.; of which said proceedings and award, and each and every part thereof, said defendant had due notice."

All that portion of the complaint above quoted was stricken out by the order from which this appeal was taken, as were also the words "*by said award*" in the following averment: "And said plaintiff alleges that he was by said award obliged to pay, and did pay, to said George I. Jones & Co., on or about the 27th day of October, 1873, the full sum of $1,400, of which payment said defendant was duly notified." This averment was followed by one alleging that defendant refused, on demand, to pay said sum of $1,400.

---

*This is presumed to mean that the price at which such vessel was chartered was $1,400 *in excess* of the sum for which defendant's vessel was to carry the cargo, under the contract.—REP.

Saveland vs. Green.

*Finches, Lynde & Miller*, for appellant, argued that allegations in a complaint, informally or defectively stated, will not be stricken out as irrelevant or redundant, where, by a proper amendment, they can be made to have any relevancy to the case (*Clark v. Jeffersonville R'y Co.*, 44 Ind., 263); that under the charter of the chamber of commerce of Milwaukee, the award of the board of arbitrators may be filed, and made a rule of court, and judgment entered thereon, and execution issued, and the judgment may be brought to this court on writ of error or appeal (Laws of 1858, ch. 132, secs. 2, 7; 21 Wis., 125); that the defendant, when notified of the submission made to the chamber of commerce, might have promptly repudiated the act of his agent, and refused to arbitrate; that, by not disaffirming the act of his agent within a reasonable time, he affirmed it, and so became a party to, and was bound by, the arbitration; that if the present plaintiff had been brought into the Milwaukee circuit or county court, at the suit of Jones & Co., and had given the present defendant "due notice of the proceedings and of each and every part thereof," the judgment in that suit would clearly have bound this defendant (10 Gray, 498; 104 Mass., 182; 2 Black, 423); and that there is no reason why defendant should not be equally bound by the award in question. 2. They further argued that the omission of the allegations stricken out by the order appealed from, has a tendency to mutilate, or render unintelligible, that part of the complaint which remains; and that in such cases a motion to strike out should be denied. Holmes & Disb. Pr., 105. 3. They also contended that if the action brought by Jones & Co. against this plaintiff, and the judgment in that action, do not bind this defendant, then the complaint states no cause of action, and the defendant's proper remedy was by demurrer, and not by a motion to strike out.

*Mariner, Smith & Ordway*, for respondent, argued the following, among other points: 1. *Saveland* had no authority to make the submission to arbitration, for his principal. Morse

on Arb., 11; *Trout v. Emmons*, 29 Ill., 433; *Lowenstein v. McIntosh*, 37 Barb., 256; *Winship v. U. S. Bank*, 5 Pet., 561; 2 Parsons on Con. (5th ed.), 688–9. 2. The chamber of commerce is not a judicial tribunal in the sense of the common law or the constitution. Const., art. VII, sec. 2. Its charter, if constitutional, can only refer to amicable and voluntary submissions. It is in the nature of a "tribunal of conciliation." Const., art. VII, sec. 16. Its awards cannot reach beyond its own members, and deprive other persons of the right of a trial by jury, and other benefits of a common law action. 2 Kent, 344–5; *State ex rel. Rogers v. Judge, etc.*, 11 Wis., 50; *Home Ins. Co. v. Morse*, U. S. C. C., Alb. Law J., Dec. 12, 1874, p. 377; *Gough v. Dorsey,* 27 Wis., 131. 3. The doctrine that a person liable over to another for damages which that other is compelled to pay to a third, is bound by a judgment against the person to whom he is so liable, upon notice to appear and defend, cannot be applied to a case where the party giving such notice *creates* by his own act the tribunal to which the issue is submitted, or attempts to submit to an arbitrator selected by himself, the rights of his principal. There may be cases where a person not nominally a party to an award, but at the time of the submission interested in its subject matter, has stood by without objection at the time of the submission, and has from his silence been held to assent to the proceedings, if had for the *supposed benefit* of the principal; but no such case is indicated in the complaint herein. Nor is there any averment of a subsequent ratification by the defendant of the plaintiff's act. As to the conclusion to be drawn from the mere silence of the principal at the time of the submission, see *Amory v. Hamilton*, 17 Mass., 109. 4. If the chamber of commerce were strictly a judicial body, the averment that defendant had "due notice of said proceedings and award, and each and every part thereof," would be insufficient. (1) It is a mere conclusion of law. *Graham v. Machado,* 6 Duer, 514. (2) It shows but *one* notice; and, as this included the award, it must have been given after

that was rendered. The notice should have been given in reasonable time to have afforded this defendant opportunity to attend the trial, and make the defense. (3) There should also have been a *tender of the defense. Adams v. Filer*, 7 Wis., 306 ; *Stanley v. Goodrich*, 18 id., 509 ; *Littleton v. Richardson*, 34 N. H., 187 ; Bigelow on Estoppel, 66 ; Rawle on Cov., 255. There was no privity between the parties such as made a judgment against one conclusive against the other without such notice and tender. *Boston v. Worthington*, 10 Gray, 499 ; *Milford v. Holbrook*, 9 Allen, 17 ; Bigelow on Estoppel, 75. In every such case, where there has been no actual notice to defend, and the want thereof has been excused, there has been some act of the party, or some circumstance, which the court has deemed an *equivalent*. To this point counsel cited and commented upon *Blasdale v. Babcock*, 1 Johns., 517 ; *Barney v. Dewey*, 13 id., 224 ; *Boston v. Worthington*, 10 Gray, 496 ; *Stanley v. Goodrich, supra ; Chicago v. Robbins*, 2 Black, 423.

LYON, J. Without the averments stricken therefrom, the complaint states a cause of action. It alleges that the plaintiff made the charter contract with Jones & Co. in his own name, at the request of the defendant and for him ; that by reason of the defendant's failure to perform such contract, Jones & Co., sustained damages to the amount of $1,400 ; and that the plaintiff has paid the same. The plaintiff was personally liable to Jones & Co. for such damages, and he was not required to wait until he should be sued and a judgment recovered against him therefor, before he could pay them. It was competent for him to pay such damages without suit ; and, having done so, he can maintain this action. But the measure of damages is not necessarily the sum paid by the plaintiff. Of course, he can recover no more than he paid ; and, under the complaint in its present form, he can only recover an amount equal to the damages actually sustained by Jones & Co. by the breach of the contract, although he may have paid to that firm a larger sum.

These propositions are elementary; and it seems to result from them that the averments which were stricken out of the complaint were irrelevant, unless the award therein mentioned is binding upon the defendant and estops him to deny, litigate or question the plaintiff's liability to Jones & Co., or the amount of such damages.

It is not claimed by the learned counsel for the plaintiff, that his client had any legal authority to bind the defendant by the submission; but his argument is that a ratification of or an acquiesence in the award, by the defendant, is to be inferred from the averment that he had notice thereof and of all the proceedings before the board of arbitrators; and that such ratification or acquiescence estops him to deny the plaintiff's right of action, or controvert the amount of damages which he may recover.

Waiving all discussion of the force and effect of awards made by the duly constituted committees of the chamber of commerce, it is safe to assume that they have no greater force than the unappealed and unreversed judgments of the circuit court; and the question as to the effect of the award against the plaintiff in favor of Jones & Co. will be considered from this stand-point.

Suppose Jones & Co., instead of instituting proceedings in the chamber of commerce, had brought an action in the circuit court, for the same cause, against the present plaintiff, and had recovered therein a judgment of $1,400. And suppose, farther, that the present defendant had had notice of such judgment and of all the proceedings in the action. Would those facts, properly pleaded and proved in this action, estop the defendant to controvert the plaintiff's right of action, or of the amount of the recovery? It is perfectly well settled in this state, that in an action against the covenantor, brought by the grantee of real estate who has been evicted therefrom by a paramount title, in order to estop the covenantor by the judgment of eviction, it is necessary to show, not only that he had notice in due time of

the pendency of the action against his grantee, but that the defense thereof was tendered to him. *Somers v. Schmidt*, 24 Wis., 417 ; *Stanley v. Goodrich*, 18 id., 505 ; *Eaton v. Lyman*, 26 id., 61. In *Somers v. Schmidt* it was suggested by Chief Justice DIXON, that, in respect to the notice required, there may be a distinction between actions on covenants in deeds, and other actions in which it is sought to bind persons by judgments to which they are neither parties nor privies ; and that a mere notice of the pendency of the action may be sufficient in the latter class of cases, without a tender of the defense. The point was not there ruled, however, and the distinction is ignored in *Adams v. Filer*, 7 Wis., 306, and does not seem to rest upon any substantial foundation.

Moreover, it is clear that the person against whom the estoppel is set up, is at least entitled to reasonable and timely notice of the action. In pleading the estoppel, such notice should be averred according to the facts. We think that the averment of notice in this complaint fails to show that the defendant had any such notice of the proceedings before the board of arbitrators, and of the award, as would be required to render a judgment *inter alios* binding upon him.

Had the averments stricken from the complaint been set out as a distinct cause of action, a general demurrer thereto would be sustained. Not being so set out, those averments are mere excrescences upon the complaint, which were properly removed by the court.

It should be observed, that, if the facts exist which render the award conclusive upon the defendant, the order striking out the irrelevant matter does not interfere with the power of the court to permit the complaint to be amended by stating therein such facts in connection with the matter struck out. In such case the matter rejected as irrelevant will be restored to the pleading, and made relevant by the additional averments.

We conclude that the order appealed from was properly

made. Following the practice adopted in *Noonan v. Orton*, 30 Wis., 609, the appeal will be dismissed.

*By the Court.*—Appeal dismissed.

On a motion for a rehearing, the appellant's counsel among other things, argued, in substance, that the only defect in the original complaint, according to the view of this court, consisted in the lack of sufficient definiteness and certainty in the averment of " due notice " to defendant of the proceedings in the chamber of commerce, its failure to state more minutely the time when such notice was given and the character of the notice; and that the only proper remedy for this defect was by motion to make the complaint more definite and certain, and not by motion to strike out the averment entirely. *Clark v. Jeffersonville R. R. Co.*, 44 Ind., 263; *Dell v. O'Ferrell*, 45 id., 271. 2. That the complaint was sufficiently definite and certain to apprise defendant that plaintiff would rely on the proceedings of the arbitration committee of the chamber of commerce as an estoppel, and as a conclusive adjudication of the matter here in dispute. (1) As an *estoppel.* It was plaintiff's duty, as defendant's *agent*, to immediately notify the latter of the claim of Jones & Co. against him, and to ask for instructions in the premises; and it was the duty of the defendant, as *principal*, on receipt of such notice, to promptly communicate with the plaintiff. Failure to reply within a reasonable time was an assurance to the agent that he was at liberty to proceed as he deemed best, and his acts would be approved by his principal. *Field v. Farmington*, 10 Wall., 148; *Robbins v. Chicago City*, 4 id., 657; *Shutte v. Thompson*, 15 id., 159. The averment of due notice may therefore be fairly construed to mean, such notice as plaintiff, acting *as defendant's agent*, might give his principal, and upon which the principal would be bound to act within a reasonable time. Such notice, to operate as an estoppel on the principal, need not be of the technical character

which this court says a notice to defend a suit should be. The estoppel in such a case is not *by the record*, but by the mere act or silence of the party, where the relation of principal and agent exists. (2) As an *adjudication conclusive on this defendant.* If a notice *to defend* was essential to make the determination binding on defendant, then the averment of due notice may reasonably and properly be construed as alleging a timely notice to defend; and since the pleading, thus fairly and liberally construed, has this signification, there was no propriety in striking out the averments in question. Counsel further insisted that the circuit court did not strike out these averments upon any such merely technical ground as that they did not state more fully the time and character of the notice given, but upon the ground that the award of the committee of arbitration could *under no circumstances* be binding upon the present defendant.

The motion for a rehearing was denied, and the following opinion filed:

LYON, J. In the former opinion filed in this cause we did not deem it necessary to determine the effect that should be given to an award made by a committee of the Milwaukee chamber of commerce. It seemed to us that such determination was not called for by the exigencies of the case then before us, and that, were we to pass upon the question, our decision, in one sense, might be considered as *obiter*. We are still of the same opinion. We think that we ought not to decide a grave constitutional question in advance of the present requirements of the case. Moreover, the members of this court are too closely and constantly occupied in the discharge of imperative judicial duties to allow them to anticipate and decide questions which may or may not arise in the future trial of causes which are brought here on appeal, but which are not essential to the determination of such appeals. For the purposes of this appeal it is sufficient to assume that the award has the force and effect of an unreversed and unappealed judgment of the circuit

court, which is the hypothesis most favorable to the appellant.

The averments which the circuit court struck out of the complaint were inserted therein for the sole purpose of fixing the specific amount of damages to which the plaintiff claims to be entitled; for without them the complaint states a cause of action for some damages. We thought those averments were not only entirely insufficient to accomplish that purpose, but that, standing alone, they did not even tend to accomplish it; in other words, that they were irrelevant and redundant. We are still of the same opinion. Although the parties sustained to each other the relation of principal and agent in respect to the transactions out of which this litigation arose, there is no privity between them which binds the defendant *ipso facto* by the award. Freeman on Judgments, § 164. By the law of this state, as settled by the cases cited in the former opinion, the defendant would not have been bound by a judgment against the plaintiff recovered for the same cause, and hence cannot be bound by the award, unless he had due and timely notice of the action or proceeding against the plaintiff, and an opportunity to defend, which implies control of the defense. By familiar rules of pleading, such notice and opportunity should be averred. In this complaint notice was averred, but not that the defendant had the opportunity to defend. In the former opinion there is some criticism on the form of the averment of notice in the complaint; but our decision was not founded upon any supposed defect therein. We will now assume that notice to the defendant of the pendency of the proceedings before the committee of the chamber of commerce was sufficiently averred, and still the complaint lacks the averment that the defendant had opportunity to defend the suit or proceeding against his agent. Without the latter averment, the statements of the proceedings in the chamber of commerce, and of notice thereof to the defendant, have no influence in fixing the amount of the plaintiff's damages. Hence they are redundant matters in a pleading which is valid and sufficient without

them. They cannot be reached by demurrer; amendment cannot improve them; the only remedy is to expunge them from the pleading. It is not the case of a defective statement of material facts, but a statement (definitely enough perhaps) of facts which the pleading fails to show have any influence or significance in the case for any purpose.

Where the existence of two facts is essential to prove a given proposition, the existence of but one of them neither proves nor tends to prove the proposition. So here, for the purpose of showing that the defendant is liable to pay the amount of the award, it was necessary to aver the opportunity to defend, as well as the proceedings and notice. The latter might just as well have been omitted entirely, as to have been made without the averment of opportunity to defend, because without that they do not even tend to show that the defendant is bound by the award.

When we first considered this case, we did not overlook certain decisions of other courts which, it was claimed, hold that, in a case like this, notice alone is sufficient, without opportunity to defend. The rule of law having been settled differently in this state, it was thought sufficient to refer to the cases in this court which so settled it, without commenting upon cases wherein (as it is claimed) other courts have held the opposite rule. But in their argument in support of the motion for a rehearing, the learned counsel for the plaintiff have again, with much earnestness, called our attention to those cases; and it is due the counsel that brief reference be now made to them. Some of these cases relate to the doctrine of waiver, and have no bearing on the case before us. Manifestly, if the defendant had no opportunity to defend the proceedings against the plaintiff in the chamber of commerce, no mere omission on his part can operate as a waiver of such opportunity.

*Robbins v. The City of Chicago*, 4 Wall., 657 (*S. C.*, 2 Black, 418), is a fair sample of all the remaining cases relied upon by the counsel. One Woodbury had recovered a judgment for a

large sum against the city of Chicago, as damages for personal injuries caused by falling into a hole, or an area (as it is termed) in the sidewalk, dug or made by Robbins in front of his premises, and by him negligently left unguarded. The city paid the judgment, and sued Robbins for the amount so paid. When Woodbury's action was pending, the attorney for the city applied to Robbins to assist him in procuring testimony, and Robbins did so. On the day of the trial, and before the trial was commenced, the same attorney notified Robbins that the cause was about to be tried. On these facts it was held that Robbins was bound by the judgment obtained by Woodbury against the city. But it was expressly so held on the principle, stated in the opinion, that Robbins "knew the suit was pending, *and could have defended it.*" All the cases cited rest on the same principle. If we read them correctly, none hold that one not a party, nor in privity with a party, to a suit, is concluded by the judgment therein, unless he has had an opportunity to defend the action. See 1 Greenl. Ev., §§ 522–3. These remarks are not made for the purpose of showing what the law is in this state, for, as before observed, that has long been settled, but to show that the adjudications of this court on the subject are in harmony with those of other courts.

Were we disposed to indulge in criticism on the case of *Robbins v. Chicago,* we might be constrained to express a doubt as to whether the principle upon which the court based its decision was correctly applied to the case. In the opinion by Mr. Justice CLIFFORD (4 Wall., 674), we find the following language : "Knowledge of the pendency of the suit in the most authentic form was brought home to him (Robbins), and the legal presumption is that he knew that he was answerable over to the corporation, and if so, it must also be presumed that he knew he had a right to defend the suit." With due deference for the learned justice and the exalted tribunal for which he speaks, we must be permitted to dissent from this doctrine. Upon the facts stated we are not prepared to admit that there is a pre-

Saveland vs. Green.

sumption that Robbins "knew he had a right to defend the suit," or that he had any such right. Suppose he had gone into court with his attorney when the case was called for trial, and proposed to take the defense out of the hands of the city attorney, and control it himself. Had the city objected to the proceeding, we apprehend that the court, exercising ordinary common sense, would have informed Mr. Robbins that the city, being primarily liable for any judgment that might be recovered in the action, could not be compelled to surrender the control of the defense, and that he had no right whatever to defend the suit unless the city saw fit to permit him to do so.

The truth is, that the defendant in an action has the absolute right to control the defense thereto, and no one, not a party, can be permitted to interfere therewith without the consent of the defendant. It is absurd to say, therefore, that the mere fact that one not a party, but who may be liable over to the defendant, had notice of the pendency of the action, raises a presumption that he had a right to defend it. Legal presumptions do not rest upon any such unsubstantial foundations.

It is quite unnecessary to comment farther upon the application of the rule to particular cases. It is immaterial to our present inquiry whether it has or has not been correctly applied in any given case. We are only concerned with the rule itself, and not with its application in other cases.

We adhere to our former ruling, that the matter stricken from the complaint may be restored by amendment, inserting therewith other averments which render it material to the case; and we think such amendment should be allowed without costs, if leave to make it be asked within a reasonable time after the *remittitur* is filed in the court below.

*By the Court.* — The motion for a rehearing of the cause is denied, with twenty-five dollars costs.