No. 9447.

MORGAN ET AL., EXECUTORS, v. MULDOON.

82  347
154  316
154  317

COVENANT.— *Warranty Deed.—Paramount Title.—Judgment.—Evidence.—Notice.—Estoppel.—Decedent's Estate.*—In a suit against executors'for breach of covenants of seizin and warranty in a deed of conveyance of lands by the testator, who was a remote grantor, alleging ouster of the plaintiff by judgment upon a paramount title, it appeared by the record thereof that suit was brought against the present plaintiff for possession; that the warrantor, on his own application verified, stating that he was the real party in interest, and bound to maintain the title to avoid damages on his covenants, became a defendant to the suit, and undertook the control of the defence; that, upon his death, the suit as to him abated, the present plaintiff was defaulted, and judgment of ouster rendered. But it was not shown that the warrantor had been formally notified of the pendency of that suit.

*Held*, that the record was evidence of sufficient notice or a waiver thereof,

and that the judgment concluded the executors of the warrantor, so that they could not offer evidence to show that the title of the plaintiff in the former suit was not paramount.

SAME.— *Vendor and Purchaser.*—*Covenantor and Covenantee.*—Where the covenantee in a deed is sued for possession of the real estate by one claiming under a paramount title, the covenantee may relieve himself of the burthen of defending the suit by giving notice to his covenantor of the pendency of the suit, and thereby cast upon him the duty of defending .the title, and bind him by the judgment.

From the Porter Circuit Court.

*J: Bradley, J. H. Bradley, A. S. Jones, M. L. DeMotte* and —— *Jones,* for appellants.

*F. Church* and *W. Johnson,* for appellee.

BLACK, C.—This was an action by the appellee against the appellants, executors of the last will and testament of Lansing Morgan, deceased, upon covenants in a deed of conveyance of certain real estate in Porter county, in this State, executed by said testator.

The complaint alleged that on the 29th of December, 1869, said Lansing Morgan was in possession of said real estate and claimed to be the owner thereof, and that he and his wife on that day, by a deed which is made part of the complaint, and which contains the usual common-law covenants, for a valuable consideration mentioned, conveyed it to John Thomas and Daniel P. Ingraham, and by said deed covenanted, etc.; that on the 3d of July, 1872, said John Thomas and his wife conveyed all his right, title and interest in said premises to said Daniel P. Ingraham; that on the 14th of July, 1874, said Daniel P. Ingraham and his wife conveyed said premises in fee simple to the appellee, for a valuable consideration mentioned. The deed of Thomas and wife to Ingraham and that of Ingraham and wife to the appellee, being warranty deeds in the statutory form, are made parts of the complaint. It is alleged that under all said conveyances possession was taken by the respective grantees; that on the 11th of September, 1876, appellee was in peaceable possession, under and by vir-

tue of said conveyances; that at that date Susan Vanderpool and others named commenced an action of ejectment against the appellee in the circuit court of said county; that the plaintiffs in that action claimed said real estate by a title paramount to that of said Lansing Morgan, conveyed to appellee, and existing before and at the time of said Morgan's conveyance to said Thomas and Ingraham; that said Lansing Morgan had notice of the pendency of said action, and was, upon his own request, made a party defendant therein; that said action was finally determined in favor of the plaintiffs therein, and said court rendered judgment that they were the owners and entitled to the possession of said premises, which judgment, it is alleged, is in full force, unreversed and unappealed from. It is alleged that, by reason of said judgment, the appellee was compelled to and did vacate said premises and surrender possession thereof to the plaintiffs in said action. Breaches of the covenants of seizin and of warranty are assigned.

The appellants answered in three paragraphs. The first was a general denial; the others need not be further noticed.

The cause was tried by the .court, and there was a finding for the appellee. A motion for a new trial made by the appellants was overruled, and judgment was rendered in favor of the appellee.

The overruling of the motion for a new trial is assigned as error. On the trial, the appellee introduced in evidence the three deeds set forth by the complaint, exemplifications from the office of the commissioner of the general land-office of the patents, dated March 30th, 1837, conveying the land in controversy to Robert Starkweather, the record of a deed, dated July 17th, 1843, from Robert Starkweather and wife to Isaac Vanderpool, and the record of the action of Susan Vanderpool and others against the appellee and her husband and Lansing Morgan.

The record of this action shows that, on the 11th of September, 1876, Susan Vanderpool and five others filed their

complaint against the appellee and her husband, in the circuit court of said county, the complaint alleging that Isaac Vanderpool died in 1868, seized of said land; that the plaintiffs were his widow and children and only heirs, and, as such heirs, were the owners of said land in fee simple and entitled to possession thereof; that the defendants unlawfully held possession and claimed title and had kept the plaintiffs out of possession, to their damage, etc. And the plaintiffs prayed that it be adjudged and decreed by the court that the title to said land be forever quieted in them, and that the defendants and each of them and all claiming under them be forever enjoined and restrained from asserting or setting up any right, title or interest in or to said land; and the plaintiffs demanded judgment for the recovery of the possession and for damages. Issues were formed and tried. There was a finding for the plaintiffs, and judgment was rendered giving the relief sought by the complaint. Upon application by the defendants, as shown by said record, a new trial was granted as of right, upon the payment of costs.

Afterward, Lansing Morgan filed his verified petition to be made a party, alleging, among other things, that the costs were paid by him and that a new trial had been granted; "that he is the real party in interest in said controversy," mentioning his deed and the other deeds by which the land was conveyed to the appellee; and "that this affiant is legally bound, as he is informed and believes, to maintain his said deed of general warranty, in order to protect himself against a suit for damages."

He was thereupon admitted as a defendant and filed his answer, a general denial. Afterward, he filed a petition to transfer the action to the United States Court, which was overruled. He then filed an affidavit and motion for a continuance, and the cause was continued at his costs.

On the 1st of October, 1878, his death was suggested, and on the 18th of October, 1878, it was ordered that the suit abate as to him, and the other defendants were defaulted. The

cause was then submitted to the court for trial, and the court found for the plaintiffs, that all the material allegations of the complaint were true; that Isaac Vanderpool died seized in fee simple of said land; that the plaintiffs were his sole heirs and as such were the owners and entitled to the possession of said land. The title was quieted in them, and the defendants and all persons by, through or under them or either of them, were perpetually enjoined from asserting or setting up any claim or title in or to said lands; and it was ordered that the plaintiffs have execution for possession, and that they recover their costs of the defendants.

The appellee also introduced evidence as to payments of purchase-money for said land made by her, and as to her possession and the surrender thereof; also, testimony tending to show that the money with which the costs were paid for the purpose of obtaining a new trial in the Vanderpool action was furnished by Lansing Morgan.

The appellants offered certain documentary evidence and certain testimony, for the purpose of proving title in said Lansing Morgan at the date of his conveyance of said land, and for the purpose of showing that the title of the plaintiffs in said action against the appellee was not paramount to that of said Lansing Morgan.

The court, upon objections made by the appellee, excluded this offered evidence. The rulings excluding it were assigned as causes for a new trial, and two questions pertaining to said rulings are suggested and argued by counsel:

First. Are the appellants concluded in this action by the judgment in favor of the Vanderpools?

Second. Was the evidence offered by the appellants and excluded, competent to prove title in Lansing Morgan at the date of his conveyance?

If a warrantee retire before a paramount title, he must, in such an action as this, show that it was paramount, unless that fact has been established by a judgment or decree in a suit of which the covenantor was properly notified, in which case the

judgment or decree is conclusive evidence of the validity of the paramount title. It is conceded for the appellants, that where a covenantee is sued by one claiming under a paramount title, the covenantee may relieve himself of the burden of defending the suit by giving notice to his covenantor of the pendency thereof, and may thus cast upon the covenantor the duty of defending the title, and render him bound by the judgment.

It is also conceded that while Lansing Morgan was a party to the action brought by the Vanderpools, he was bound by the proceedings, and that if he had continued to be a party until the rendition of judgment, he and his personal representatives would have been concluded by the judgment. But as, by his death, he ceased to be a party, and the action as to him was abated, and as the evidence does not show any notice to Lansing Morgan aside from what may be inferred from his appearance and the record of said action, or any notice to the appellants, therefore, it is claimed, the appellants are not concluded by the judgment.

Where the covenantor has been properly notified by the covenantee of the action against the latter, and has appeared to the action, but has died before judgment, it has been held that his representatives are bound by the judgment. *Brown* v. *Taylor*, 13 Vt. 631. See, also, *Somers* v. *Schmidt*, 24 Wis. 417 (1 Am. R. 191); Rawle Cov. Title, 4th ed., 245.

In *Brown* v. *Taylor, supra,* there was a notice in writing from the covenantee to the covenantor, and the covenantee is not bound to defend further after proper notice, and a judgment by default is then conclusive. *Jackson* v. *Marsh*, 5 Wend. 44.

It is insisted by the appellants that, notwithstanding the appearance of Lansing Morgan to the action brought by the Vanderpools, and the part taken therein by him as shown by the record, there must be further proof of notice to him or to the appellants.

In analogy to the process called "voucher" at the ancient common law, whereby the impleaded warrantee might bring

in his warrantor as the real party, and thus make him defend the action, so the object of notice is to make the covenantor either actually or constructively a party, in order that there may be an application of the rule, that the judgment of a court of competent jurisdiction can not be inquired into collaterally, which rule applies only to those who are said to be parties or privies to the action. *Sisk* v. *Woodruff*, 15 Ill. 15; Rawle Cov. Title, 12,231.

The fact of the reception of the notice seems to be within the province of the jury, " except in the single case where the party bound by the covenant is made a party to or has placed himself upon the record of the adverse suit." Rawle Cov. Title, 224. As the covenantor will not be concluded by the judgment unless actually or constructively a party, it might be expected that where covenantors have become actual parties, it will generally be found that they had been notified by the covenantee ; and it might not be unreasonable, where a covenantor has made himself a party and has made admissions of record, to infer notice, nothing to the contrary appearing, as otherwise his action would be a voluntary assumption of responsibility. In *Mason* v. *Kellogg*, 38 Mich. 132, GRAVES, J., expresses the opinion that appearing and assuming the defence, without protesting want of due notice, is a waiver of formal notice, and subjects the covenantor to the same extent as if he had been formally notified. The covenantee is not bound, after the covenantor has been brought into the action, to see that he remain in till judgment, but may in good faith at once abandon the conduct of the defence.

In the case at bar, if notice was given, such as would have been required to bind the covenantor if he should not become a party to the action, the person to whom it was given is dead, and the person from whom it must have proceeded is prevented by the statute from testifying.

Where the covenantor has paid costs and made admissions of record upon his oath, has appeared, taken upon himself the

defence and pleaded by attorney, and has obtained a continuance, as in this case, it may be presumed that he was properly notified, or it may be said that for himself and for his estate he waived notice. The purpose of formal notice was accomplished.

It was as if there had been notice; and notice being once given, the covenantee, acting in good faith, was not bound thereafter to defend, and want of notice could not afterward be properly urged in behalf of the covenantor or of his personal representatives.

The judgment in the action brought by Susan Vanderpool and others against the appellee being conclusive against the appellants, it is not necessary for us to enquire concerning the evidence offered by the appellants to prove title in Lansing Morgan. The court did not err in excluding this evidence.

The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

BLACK, C.—It is argued by the learned counsel for appellants that the notice to the warrantor of the pendency of the action against the warrantee should be in writing, and that, in the action on the covenant, a written notice must be proved where the warrantor was not an actual party to the judgment rendered in the prior action.

Where the warrantor has done what was done by Lansing Morgan in the action against the appellee, his remote warrantee, it seems immaterial whether he was induced by a written notice or by an oral one, and unnecessary to prove how his proceedings were brought about.

It was not necessary for us to decide whether or not a warrantor may ignore a notice when it is not in writing.

While it is admitted that the record of the action against the appellee was competent evidence for the purpose of show-

ing that there was a judgment in ejectment against her, it is claimed that such record could be used for no other purpose; that as Lansing Morgan died, and the suit abated as to him, and no judgment was rendered against him, therefore the record of the proceedings in that action can not be used as evidence against his representatives to show the part taken by him in those proceedings, for the purpose of inferring notice to him or waiver of notice by him. It is insisted that after the death of Lansing Morgan, and the abatement of the suit as to him, the record should be regarded as if he had never filed a petition and answer, and as if he had not appeared.

Lansing Morgan was not, in fact, a party when the judgment was rendered. Proof of proper notice to him would make him constructively a party to the judgment. The record might be used as evidence for the purpose of showing notice to him, though he was not an actual party to the judgment, and thus a record, considered as a memorial of proceedings that transpired in a court of justice, in which respect it is conclusive against strangers, would establish the conclusiveness of the judgment as *res judicata*. Bigelow Estop. 3-4; Freeman Judgments, section 416.

We find ourselves unable to reach a conclusion different from that expressed in our original opinion.

Per Curiam.—The petition for a rehearing is overruled.