Filed Nov. 18, 1887.

———◆———

No. 12,914.

## Eiler et al. *v.* Crull.

Fraudulent Conveyance.—*Presumption.—Trust in Favor of Creditors.*— Where one purchases and pays the consideration for real estate, and takes the conveyance in the name of another, the transaction is pre- sumptively fraudulent as to the prior creditors of the púrchaser, and, under section 2975, R. S. 1881, a trust results in their favor.

Same.—*Subjection of Property by Creditors.—Exemption from Execution.—Other Property.*—The creditors may subject such property to the payment of

their claims, unless it is exempt from execution, or unless, at the time of the conveyance, or at the time suit is brought, the debtor has a sufficient amount of other property reachable by the ordinary processes of the court to pay the debt without resorting to the property so conveyed.

SAME.—*Refusal to Apply Other Property.—Right of Creditor to Proceed Against Property Conveyed.*—If the debtor has other property, not subject to the ordinary processes of the court, which he refuses on demand to apply to the satisfaction of the debt, the creditor may proceed against the property fraudulently conveyed, and it will be no defence for the debtor to show that he had sufficient money or other property, not reachable by the ordinary processes, with which the debt could have been paid.

From the Henry Circuit Court.

*S. H. Brown* and *R. Warner,* for appellants.

*J. H. Mellett, E. H. Bundy* and *C. E. Shiveley,* for appellee.

MITCHELL, J.—This was a suit by Crull against Samuel and Jacob S. Eiler to set aside an alleged fraudulent and voluntary conveyance.

The complaint charged that the plaintiff recovered a judgment against the defendant Samuel Eiler, in December, 1882, and that an execution had been duly issued to the sheriff of the proper county, who, after having made demand for payment, and being unable to find property whereon to levy, returned the execution wholly unsatisfied.

It is charged that, in March, 1882, the execution defendant purchased a certain parcel of real estate, paying therefor one thousand dollars, and that he caused the land so purchased and paid for to be conveyed to his son, Jacob S. Eiler, who paid no part of the purchase-price, and who had no knowledge of the conveyance until after it was made.

The complaint charges that the conveyance was so made with the purpose to cheat, hinder and defraud the plaintiff and other creditors of Samuel Eiler, and that the latter at the time the conveyance was so made did not, nor did he at the time suit was commenced, have any other property subject to execution sufficient to pay all his debts.

The appellant contends that the complaint did not state

facts sufficient, and that hence the court erred in overruling his demurrer.

It is said that, so far as appears, the defendant Samuel Eiler may have had a sufficient amount of money to pay all his debts at the time he purchased and paid for the property in question, and yet have had no property subject to execution. Hence, it is argued, a debtor who employs his money which is not subject to execution in purchasing real estate, the title to which is taken in a third person, has not thereby committed a legal fraud upon his creditors, although he may have intended to do so. Sections 366, 367, 1 Story Eq. Jurisp., are relied on as sustaining this view.

The result of the doctrine declared in the above sections is, that creditors have no right to complain in case their debtor makes a voluntary conveyance of his property, unless such conveyance was legally injurious to them, by withdrawing a fund from their power which the law had not previously withdrawn. This is substantially the doctrine declared in the recent cases of *Taylor* v. *Duesterberg,* 109 Ind. 165; *Faurote* v. *Carr,* 108 Ind. 123; *Burdge* v. *Bolin,* 106 Ind. 175 (55 Am. R. 724).

In those cases the debtor had no property except such as was legally exempt from execution. The debts could not have been coercively collected, hence the transfers assailed were not legally fraudulent.

The case before us is not within the principles which ruled those cases. Nor is the common law doctrine declared by Story controlling to its full extent under our statute, which enables a creditor to reach and subject money, choses in action, and all other property belonging to his debtor, not exempt from execution, to the payment of his debt. Sections 815 to 821, R. S. 1881; *Baker* v. *State, ex rel.,* 109 Ind. 47.

The property in question having been purchased, and the consideration therefor paid, by Samuel Eiler out of money a portion of which might have been subjected to the payment of the debt, while the conveyance was taken in the name of

·Jacob S., the transaction was presumptively fraudulent as to the prior creditors of Samuel, and a trust resulted in their favor under the statute, which provides, in substance, that ·every conveyance taken in the name of a third person shall be presumed fraudulent as against the creditors of the person paying the consideration thereof; and that, unless a fraudulent intent is disproved, a trust shall result in favor of prior ·creditors. Section 2975, R. S. 1881; *Hanna* v. *Aebker*, 84 Ind. 411 ; *Eve* v. *Louis*, 91 Ind. 457.

When a debtor purchases property and pays the consideration therefor out of money which might have been subjected to the payment of his debts, and takes the title to the property so paid for in the name of a volunteer, for the purpose of defrauding his creditors, the latter have a right to subject property so paid for, unless at the time the conveyance was taken, or when the suit was commenced, the debtor had a sufficient amount of other property subject to execution, so that the creditors might have collected their debts by the ordinary processes of the court, without resorting to the property so conveyed, or unless the debtor is entitled to hold the property exempt from execution.

If the debtor has other property, which is not subject to the ordinary processes of the court, which he has refused on demand to apply to the satisfaction of the debt, so that the creditor, in order to obtain satisfaction, is compelled to resort to an extraordinary remedy in aid of his execution, the latter may, nevertheless, proceed against property fraudulently conveyed ; and it will be no defence for the debtor in such a case to show that he had sufficient money or other property, not subject to the ordinary processes of the court, with which he might, had he chosen, have paid the debt.

What has been said disposes of all the questions presented by the record.

Judgment affirmed, with costs.

Filed Nov. 18, 1887.