Filed Feb. 1, 1889.

———————————————

No. 13,446.

## JONES v. SNYDER.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Implied Trust.*—*Consideration.*—Where the consideration for property which a debtor causes to be conveyed to his wife is paid by the wife, or with money which her husband owes her, no trust is implied in favor of the husband's creditors, under section 2975, R. S. 1881.

SAME.—*Evidence.*—*Letter.*—*Quieting Title.*—A letter written by the husband three years after the conveyance to the wife, enumerating certain debts, the date of which is not given, and proposing to mortgage property standing in the wife's name, is not competent evidence against the wife in an action by her against the husband's creditors to quiet title.

EVIDENCE.—*Real Estate.*—*Value.*—One who has examined property and inquired of qualified persons as to its value, may testify as to its value, although not a resident of the city where it is situate.

From the Tippecanoe Superior Court.

*B. W. Langdon, T. F. Gaylord* and *W. F. Severson,* for appellant.

*W. D. Wallace,* for appellee.

MITCHELL, J.—This was an action by Irene Snyder against Mark Jones, in which the plaintiff alleged in her complaint that she was the owner in fee simple of certain described real estate in Tippecanoe county, and that the defendant, Jones, set up a claim of title thereto. She asked to have her title quieted by a decree of the court. After hearing the evidence the court gave a decree according to the prayer of the complaint.

There is no dispute but that the legal title to the real estate in controversy is in Mrs. Snyder. The appellant's claim is, that the consideration for the conveyance to her was paid by her husband, John K. Snyder, and that the latter caused the conveyance to be made to his wife in fraud of the rights of his creditors, and that the appellant was at the time a creditor of John K. Snyder.

The contention is, that the plaintiff became a trustee, by implication of law, under the provisions of section 2975, R. S. 1881, which enacts, in substance, that every conveyance to one person where the consideration is paid by another shall be presumed fraudulent as against the creditors of the person paying the consideration; and where a fraudulent intent is not disproved, a trust shall in all cases result in favor of creditors.

The application of this statute requires that a debtor, without a sufficient amount of other property out of which his debts might have been collected, shall have paid the consideration for property which he caused to be conveyed to another to defraud his creditors. *Eiler* v. *Crull,* 112 Ind. 318.

The obstacle in the way of the appellant's theory is, that it was a disputed question of fact, whether or not the consideration for the property was paid by the plaintiff's husband, or whether it had not, in contemplation of law, been paid by her,

and, upon the evidence, the court may well have found that she paid the consideration. In that event there was no room for the application of the above mentioned statute.

It may be conceded that certain property, the title to which was at the time in John K. Snyder, was exchanged for Chicago real estate, the title to which was taken in the name of the plaintiff, and that the Chicago property was afterwards exchanged, indirectly, for the lot in controversy; but there was evidence tending to show that in the division of her father's estate, Mrs. Snyder had received property substantially equal in value to that in question, and that the property so received had been appropriated by her husband. There was evidence tending to show that the latter agreed to make or keep good to his wife the amount of property received by her from her father's estate, and that he caused the several conveyances to be made to her in execution of that agreement.

If this was true, as the court must have believed it was, then it can not with propriety be said that the consideration of the property conveyed to Mrs. Snyder was paid by her husband, within the meaning of section 2975. Creditors can not invoke the aid of the statute to prevent a husband from restoring to his wife that which in equity and good conscience he has no right to withhold. *Taylor* v. *Duesterberg,* 109 Ind. 165; *Hoes* v. *Boyer,* 108 Ind. 494; *Proctor* v. *Cole,* 104 Ind. 373.

It was also a disputed question whether or not John K. Snyder was insolvent at the time he caused the conveyances to his wife to be made.

A letter written by Snyder some three years and more after the conveyances in question were made, in which he enumerates certain debts owing by him, and in which he proposes to mortgage certain Chicago lots, the title to which stood in the name of his wife, was offered in evidence by the appellant and excluded. This ruling was very clearly right. It did not appear, nor was it proposed to show, that the debts

spoken of in the letter were subsisting claims against Snyder at the time the conveyances complained of were made, or that they had not been contracted since.

The letter would hence have cast no light upon the financial condition of the writer at any time material to the inquiry before the court. As respects the proposition to mortgage the Chicago property, the letter was clearly incompetent as evidence against the plaintiff, who was neither a party to the letter, nor shown to have had any knowledge of its existence.

There was no valid objection to the competency of Berryhill to testify concerning the value of the property in relation to which he was inquired of. Although not a resident of Chicago, he had personally examined the property, and made inquiry of qualified persons concerning its value with a view of effecting a sale, and while his testimony may not have been of much weight, it was nevertheless competent.

We find no error in the record.

The judgment is therefore affirmed, with costs.

Filed Feb. 1, 1889.