### TEAGUE ET AL. *v.* WHALEY.

[No. 2,476.    Filed April 21, 1898.]

DEEDS.—*Covenants of Warranty.—Breach Of.—Grantor Must Defend.—Damages.*—Where a grantee in a deed of conveyance of real estate is sued for possession, or where an encumbrance is sought to be enforced against the land, he may by giving proper notice to the grantor of the pendency of the suit, and requesting him to defend against the same, relieve himself of such defense and cast such duty upon the grantor; and if the grantor fails or refuses to defend, the grantee may do so, and recover from the grantor damages for the injury to the land, and costs of defending the suit, including attorney's fees. *pp. 29, 30.*

SAME.—*An Easement in Land is an Encumbrance.*—An easement in real estate is an encumbrance, and the fact that the grantee thereof knew of the existence of an easement against land conveyed to him will not defeat his right to recover from grantor damages for the injury to such real estate by reason thereof. *p. 30.*

SAME.—*Covenants of Warranty.—Breach Of.—Notice.—Defense.*—Where a grantor of real estate with covenants of warranty, is not made a party to a suit by one having an easement therein, the grantee is required not only to notify him of the pendency of the suit in order to bind him by the judgment, he must also request him to defend the title. *pp. 30-32.*

From the Pike Circuit Court.    *Affirmed.*

*Thomas H. Dillon* and *Virgil R. Greene,* for appellants.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

COMSTOCK, J.—Appellants were plaintiffs below. The complaint, in substance, alleges that appellee on the 22nd day of March, 1895, was the owner of certain real estate in Pike county, Indiana (describing it), and that on that day appellee sold and conveyed the same to appellants by deed containing covenants for

warranty; that there was a mistake in the description, and that the consideration paid was nine hundred dollars; that at the time of making and delivering said deed said premises were subject to an easement held by one Mary Hayes thereon of nine feet off the east side of the land conveyed; that thereafter on the —— day of ——, 1895, Mary Hayes brought an action in the Pike Circuit Court against the appellants to have said easement declared of record and enjoining the obstruction thereof; that after the appellants were notified of said suit, the appellants notified the appellee of the pendency of said action and asked him as their grantor to appear and defend said suit and protect the rights of the appellants; that the appellee failed and refused so to do, and they were compelled to defend the same; that they were put to loss of time and expense in court costs and attorneys' fees; that, in addition to said notice the appellee was in the courthouse at the time of said trial, and testified as a witness in said cause, and thereby knew of the effort the said Mary Hayes was making to establish said easement and encumbrance, and he still failed and refused to defend the same; that such proceedings were had in the Pike Circuit Court that upheld said easement, and judgment was rendered against the appellants, enjoining them from molesting said easement, and depriving them of the use of said land occupied by said easement; and that by reason of said judgment, the market value of said land is damaged in the sum of two hundred dollars, and they demand judgment for five hundred dollars, etc.

The appellee appeared and filed a demurrer to the complaint. The court overruled the appellee's demurrer to the complaint, to which ruling of the court the appellee excepted. The appellee filed an answer in three paragraphs, the first of which is the general

denial. The second paragraph of the answer admits the selling and conveying of the real estate as alleged in the complaint, and alleges that at the time of said conveyance the appellants knew that said real estate was free from any easement, right of way, or any other right in said real estate by Mary Hayes, or any other person; that prior thereto appellants had known said real estate for more than twenty years, and knew that Mary Hayes had no easement or right of way over any part thereof; that the appellants then knew that Mary Hayes was the owner of forty acres of land adjoining the lands conveyed by the appellee to the appellants, and that she was demanding an outlet from her said land over the lands of the appellant to a public road; that the said Mary Hayes never claimed an outlet from her said lands to the said public road over the lands conveyed by the appellee to the appellants while the same was owned and in the possession of the appellee; "that  *  *  *  Mary Hayes brought her action against the appellants for a right of way on and over the lands sold, and that said action was tried in the Pike Circuit Court without the knowledge of the appellee; that he was not a party to said suit, and had no notice whatever that it was being claimed in said action that said Mary Hayes owned any part of said land, or that she had any easement on and over any part of the same; that the court in said cause found that Mary Hayes had the right of going over a certain strip of land owned by the appellants, upon her, the said Mary Hayes, paying the fair cash value thereof, and the court found in said action that  *  *  * the value of the use of said strip was fifteen dollars; that it was found and adjudged by the court in said action that the said Mary Hayes, before entering upon said premises, should pay to the appellants in this action, said fifteen dollars, which sum the said Mary

Hayes paid to the appellants long before the bringing of this suit; that the appellants accepted the same in full payment and satisfaction of the value of the land occupied and used by Mary Hayes, and for said easement and for all damages." The third paragraph of answer is a plea of payment. The appellants filed a demurrer to the second and third paragraphs of answer. The court overruled said demurrrer, to which ruling appellants excepted. The appellants filed a reply to the second and third paragraphs of the appellee's answer in one paragraph, being the general denial. The cause, being at issue, was tried by the court, resulting in a finding and judgment in favor of the appellee. Appellants assign as error the overruling of the separate and several demurrers of appellants to the second and third paragraphs of appellee's answer, and the overruling of appellants' motion for a new trial.

We think the demurrers to the second and third paragraphs were properly overruled. The controlling question, however, presented by this appeal is raised by the third assignment of error, viz, the overruling of appellants' motion for a new trial. The reasons specified in the motion are (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision is contrary to law.

When a covenantee in a deed of conveyance of real estate is sued for possession, or where an encumbrance is sought to be enforced against the land, he may, by giving proper notice of the pendency of the suit to the covenantor, and requesting him to defend against the same, relieve himself of the burden of defending such suit, and cast such duty upon the covenantor, and the covenantor will be bound by the judgment. *Morgan* v. *Muldoon*, 82 Ind. 347; *Bever* v. *North*, 107 Ind. 544; *Midland R. W. Co.* v. *Wilcox*, 122 Ind.

98. And if the covenantor fails or refuses to defend the action the covenantee may do so, and recover of the covenantor in damages the injury to the land and costs of defending the suit, including attorney's fees. *Burk* v. *Hill*, 48 Ind. 52; *Quick, Admr.*, v. *Taylor*, 113 Ind. 540; *Hymes* v. *Esty*, 133 N. Y. 342, 31 N. E. 105; Wait's Act. and Def., vol. 2, p. 400; Wait's Act. and Def., vol. 8, p. 502. An easement is an encumbrance, and the fact that the grantee knew of it will not defeat his right to recover. *Watts* v. *Fletcher*, 107 Ind. 391.

Whether the judgment in such case would be binding upon the covenantor would depend upon whether a proper notice had been given. The evidence is in the record. It is conflicting as to what was said between the parties in reference to the pending suit. Appellee denies that he was ever requested to defend the suit or to occupy any other relation than that of witness. No evidence was introduced of appellants' claim to the easement, but the proceedings in the action of Hayes against Teague, *supra*. It is not claimed that the notice of the pendency of the suit was in writing. Whether such notice should be in writing has not to our knowledge been passed upon by the Supreme or by this court, and outside of our State the decisions are conflicting. In the following cases it has been held that the notice should be in writing: *Mason* v. *Kellogg*, 38 Mich. 132; *Dalton* v. *Bowker*, 8 Nev. 190, 200; *Somers* v. *Schmidt*, 24 Wis. 417. In *Cummings* v. *Harrison*, 57 Miss. 275; *Miner* v. *Clark*, 15 Wend. 426; *Davenport* v. *Muir*, 20 Am. Dec. 143, it has been held that a verbal notice is sufficient. We believe the better rule to be to require that the notice should be in writing, and that the weight of reason is with the authorities so holding. It is not, however, necessary that we should and we do not decide the question. Where the covenantor is not

a party to the adverse suit, the covenantee must do more than notify him of the pendency of the action in order to bind him by the judgment. He must request him to defend the title. *Boyd* v. *Whitfield,* 19 Ark. 470; *Collins* v. *Baker,* 6 Mo. App. 588; *Paul* v. *Witman,* 3 Watts & S. (Pa.) 407; *Somers* v. *Schmidt,* 24 Wis. 421; Rawle on Cov. for Title, section 125, 1st subdivision; *Midland R. W. Co.* v. *Wilcox, supra.* Whether the notice was given and the request made is a question of fact to be determined by the court. *Cook* v. *Curtis,* 68 Mich. 671. In *Paul* v. *Witman, supra,* it was held that the notice to have the effect of depriving the warrantor of the right to show title "should be unequivocal, certain and explicit. A knowledge of the action and a notice to attend the trial will not do, unless it is attended with express notice that he will be required to defend the title." In the case before us there is a conflict in the evidence as to the notice given by appellants to appellee of the pendency of the suit. Appellee testified that appellants told him they wanted him as a witness, but that he never was told that they wanted him to defend the cause, nor was anything ever said to him about a warranty. It was for the trial court to determine what was said between the parties on the subject, there being a conflict this court will not weigh the evidence.

There was evidence to warrant the court in holding that the notice was not sufficient, in that it did not require appellee to defend. The record of the judgment in the case of Hayes against Teague, in the absence of such proper notice to the appellee, would not be evidence of paramount title in Hayes. *Rhode* v. *Green,* 26 Ind. 83; *Walton* v. *Cox,* 67 Ind. 164; 19 Am. and Eng. Ency. of Law, p. 1014; Rawle on Cov. for Title, section 123. Appellants relied solely upon this judgment. This was not sufficient. Had appellants

shown an existence of the easement when the land was conveyed to them, they would have been entitled to recover with or without notice to appellee of the pendency of the adverse suit. The trial court was justified in holding that there was, on the part of the appellants, a failure of proof. Judgment affirmed.