# RITCHEY v. McKAY ET. AL.

[No. 5,426. Filed October 5, 1905. Mandate modified and re-
hearing denied November 17, 1905.] ·

1. JUDGMENT. — *Liens.—Decedents' Estates.—Sales.—Heirs.—*A
personal judgment against an heir is not a lien upon his interest
in the personal estate of a decedent in the hands of an adminis-
trator, and an assignment of such heir's interest therein vests
his title in his assignee. p. 542.

2. FRAUDULENT CONVEYANCES. — *Gifts.—Presumption.—Trial.—
Decree.—*The transfer of property by a debtor can not be con-
sidered fraudulent merely because it is without consideration,
and a finding that such transfer was for a fraudulent purpose,
without a finding that such debtor did not have sufficient prop-·
erty remaining with which to pay his debts, does not entitle the
debtor to a decree setting such conveyance aside. p. 542.

3. APPEAL AND ERROR.—*Reversal.—Rendering Judgment.—Grant-
ing New Trial.—Special Findings.—*Where the special findings
technically entitle appellant to judgment, but the interests of
justice will be subserved by the granting of a new trial, the
mandate directing judgment will be modified and a new trial
granted. p. 543.

From Johnson Circuit Court; *W. J. Buckingham,*
Judge.

Petition by Lawrence E. Ritchey against Louise N. Mc-
Kay and others. From a decree against petitioner, he
appeals. *Reversed.*

*W. A. Johnson* and *L. E. Ritchey,* for appellant.
*Deupree & Slack,* for appellees.

COMSTOCK, J.—Appellant, as the assignee of a distrib-
utee, petitioned in the court below, under the decedents'
estates act, for the recovery of said distributee's share of
the estate of Sallie E. Ritchey, deceased. The appellee
Anderson Carriage Company was made a party because it
claimed to have an interest in the sum claimed by the peti-
tioner. There were other parties, but the issues were
formed by the amended petition, the answer of the Ander-
son Carriage Company thereto, and the reply of appellant.

Such proceedings were had in the premises that a trial was had by the court, and special findings made, conclusions of law stated thereon, and judgment rendered in favor of appellee Anderson Carriage Company.

There are a number of specifications of error. We deem it necessary to consider only one, namely: That the court erred in its conclusions of law, and each of them, on the special finding of facts.

The findings are, so far as they concern the appellant and appellee carriage company, as follows: (1) On the 8th day of September, 1899, Sallie E. Ritchey departed this life, intestate, in Johnson county, Indiana, leaving as her only heirs at law the petitioner herein, Lawrence E. Ritchey, Louise N. McKay and Georgia N. Eccles (who departed this life since the death of said Sallie E. Ritchey, leaving as her only heirs at law [naming them] and also her husband, the defendant Lawrence P. Ritchey. (2) On the 6th day of January, 1901, William D. Whitesides was duly appointed administrator by this court of the estate of Sallie E. Ritchey, deceased, and qualified as such administrator. (3) All the personal assets of said estate that ever came into the hands of said administrator was one certain promissory note, dated November 6, 1897, due one year after date, for the sum of $1,000, with eight per cent interest from date, and executed by said Lawrence E. Ritchey in favor of said Sallie E. Ritchey. (4) Said administrator on the 26th day of June, 1902, realized on said note for said trust the sum of $1,320, the same being the principal and interest of said note. (5) That on the —— day of June, 1902, said administrator filed in this court his only and final report of his said trust, in which he charged himself with said sum of $1,320 realized as aforesaid, being the only assets reported and received by him belonging to said trust. After paying all liabilities, expenses and costs of said trust said administrator reported a balance of $516.52 for distribution among the lawful

heirs of said Sallie E. Ritchey, deceased, which sum of $516.52, upon the filing of said final report, said administrator paid to the clerk of this court, and said final report was duly approved by this court on the 24th day of January, 1903, and said administrator discharged. (6) Lawrence P. Ritchey, as the husband and heir of Sallie E. Ritchey, deceased, would be entitled to one-third of said sum of $516.52 for distribution, or the sum of $172.17. (7) The defendant Lawrence P. Ritchey, in the name and style of L. P. Ritchey, after the death of said Sallie E. Ritchey, and before the appointment of said administrator, executed to said petitioner herein, Lawrence E. Ritchey, the following contract of assignment, to wit: "Nashville, Indiana, November 7, 1900. In consideration of the surrender to me by L. E. Ritchey, of Johnson county, Indiana, of a certain promissory note given by me to said L. E. Ritchey in the sum of $200, dated December 25, 1876, and drawing interest at the rate of ten per cent per annum, and the further consideration of attorneys' fees agreed by me to be paid to said Ritchey, I hereby assign all my right title and interest in and to a certain promissory note given by said L. E. Ritchey to his mother, Sallie E. Ritchey, now deceased, in the sum of $1,000, and dated about September 11, 1897, which note was by me placed in possession of Lizzie Ritchey about October 15, 1899, to be held by her until the estate of said Sallie E. Ritchey was settled and note settled, and also the undivided one-third of all other personal property of said Sallie E. Ritchey now belonging to me as her husband. L. P. Ritchey." (8) The $1,000 note mentioned in said assignment is the same note that said administrator took possession of and received thereon said sum of $1,320 as the only assets of said estate. (9) The defendant Anderson Carriage Company is a corporation duly organized and doing business in the state of Michigan, and on the 19th day of June, 1900, obtained a

judgment in this court against said defendant Lawrence P. Ritchey in the sum of $464.80, which judgment is wholly unpaid. (10) There was no valuable consideration passed from the petitioner herein, Lawrence E. Ritchey, to the defendant Lawrence P. Ritchey for said contract of assignment. (11) Said assignment was a fraudulent agreement, with no valuable consideration therefor, entered into between the petitioner, Lawrence E. Ritchey, and the defendant Lawrence P. Ritchey to keep the defendant Anderson Carriage Company from collecting said judgment held by said Anderson Carriage Company against said defendant Lawrence P. Ritchey, and that said assignment is fraudulent, null and void, and without any legal force and effect whatever.

As conclusions of law the court stated: (1) That the petitioner, Lawrence E. Ritchey, take nothing by his action. (2) That the petitioner, Lawrence E. Ritchey, pay the costs of this action.

It will be observed that appellee Anderson Carriage Company had no lien against decedent's estate. The assignment to appellant vested in him whatever interest the assignor had in the right or asset assigned. *Strong* v. *Clem* (1859), 12 Ind. 37, 74 Am. Dec. 200; *Smith* v. *Rogers* (1860), 14 Ind. 224.

The debtor may sell or give away his property. Its transfer or conveyance is not fraudulent solely because it is without consideration. Fraud can not be predicated upon what a debtor has a right to do. *Kolb* v. *Raisor* (1897), 17 Ind. App. 551, 557. "No matter how bad the intention of a debtor may, in point of fact, have been in making a voluntary conveyance, still if he had sufficient other property remaining, subject to execution, to pay all his debts, his creditors in legal contemplation, are not injured by this bad intention simply, and have no right of action to set aside such conveyance.

It is only when an inadequate amount of property remains that creditors have the legal right to complain." *Sherman* v. *Hoagland* (1876), 54 Ind. 578, 584.

The finding that the transfer in the case at bar was for a fraudulent purpose is not enough to deprive appellant of his right as assignee. For anything that appears in the finding, Lawrence P. Ritchey may have had other property out of which appellee's judgment could have been made. It does not appear from the findings that any attempt has been made to collect the judgment by the ordinary processes of law, or that the debtor was insolvent at the time of the transfer. It follows, therefore, that the conclusions of law were not justified by the facts found.

The judgment is reversed, with instructions to the trial court to restate the conclusions of law, and to render judgment in favor of the appellant.

## On Petition for Rehearing.

Per .Curiam.—Upon consideration of the petition of appellees for a rehearing, and their application for a modification of the mandate, it is concluded by the court 3. that the petition for rehearing be overruled, and that the mandate be, and it hereby is, modified so as to read as follows: "The judgment is reversed, and the cause remanded, with instructions to sustain the motion of the appellant for a new trial."