## PENCE *v.* RHONEMUS.

[No. 8,910. Filed March 12, 1915.]

1. FRAUDULENT CONVEYANCES.—*Action by Creditor.—Burden of Proof.*—Under §4018 Burns 1914, §2975 R. S. 1881, relating to conveyances in fraud of creditors, where the consideration for land is paid by one person and the conveyance taken in the name of another, it is incumbent on one who asserts fraud in the transaction to show that at the time of the conveyance he was a creditor of the person paying the consideration, or that he became a subsequent creditor and that the conveyance was made in such manner as to defraud creditors. p. 271.

2. FRAUDULENT CONVEYANCES.—*Presumptions and Burden of Proof. —Prior and Subsequent Creditors.*—Under §4018 Burns 1914, §2975 R. S. 1881, relating to conveyances in fraud of creditors, where the consideration for land is paid by one person and the conveyance taken in the name of another, a fraudulent intent is at once presumed in favor of existing creditors of the one paying the consideration, and a trust shall be declared to exist unless such fraudulent intent is disproved; but such presumption does not exist in favor of subsequent creditors, and they have the burden of proving fraud. p. 271.

3. COVENANTS.—*Covenants Running With Land.*—The covenants included in a statutory form of warranty deed are covenants running with the land. p. 272.

4. COVENANTS.—*Breach of Warranty.—Fraudulent Conveyances.— Creditors.*—Where pending an action against the grantee of plaintiff by one claiming a paramount title to the land, the defendant's husband, who was a remote grantor of plaintiff but not a party to the action by the claimant of the superior title, purchased land and took the conveyance in the name of defendant he was at the time contingently liable to the successive grantees of the land involved in such pending action, so as to render plaintiff, who was also contingently liable to his grantee, a creditor within the meaning of §4018 Burns 1914, §2975 R. S. 1881, defining certain conveyances in fraud of creditors and providing that the subject of such conveyances shall be deemed to be held in trust for the benefit of creditors, although at the time there had been no actual eviction from the land involved in such action. p. 273.

5. FRAUDULENT CONVEYANCES.—*Presumptions.—Evidence of Other Property.*—Under §4018 Burns 1914, §2975 R. S. 1881, on proof that a conveyance of land for a valuable consideration was made to defendant, and the consideration paid by defendant's husband, a presumption arose that such conveyance was fraudulent against

the creditors of defendant's husband, which was sufficient, unless fraudulent intent was disproved, to support plaintiff's averments of fraud as to him; but such presumption would have been overcome by showing that defendant's husband at the time of the transfer had a sufficient amount of other property out of which his debts might have been collected. p. 274.

6. FRAUDULENT CONVEYANCES.—*Presumptions.*—*Burden of Proof.*—*Insolvency.*—In an action under §§4017, 4018 Burns 1914, §§2974, 2975 R. S. 1881, to declare a trust in favor of creditors, the defendant has the burden of overcoming the *prima facie* case which the plaintiff makes on proof of a conveyance to defendant on a consideration paid by another as to whom plaintiff was a creditor at the time of the transfer, and it is not necessary for plaintiff either to allege or prove the insolvency of the debtor at such time. p. 275.

7. COVENANTS.—*Covenants of Warranty.*—*Action by Holder of Quitclaim Deed.*—Where a grantor, holding under a warranty deed, conveys his interest in the land by a quitclaim deed, he thereby conveys the right to sue on all the covenants of warranty contained in the deed to his grantor. p. 275.

8. COVENANTS.—*Breach of Warranty.*—*Evidence.*—There can be no recovery for breach of a covenant of warranty on the ground that plaintiff was evicted by judgment rendered in a suit against him in favor of the claimant of a paramount title in the absence of a showing that claimant's title was in fact paramount, or of evidence to show that the warrantor was notified and requested to defend, or that he was made a party to such suit, and the mere testimony of plaintiff that he notified the warrantor who appeared and employed an attorney to defend plaintiff's title, was not such as to necessarily require a finding that such warrantor was bound by the judgment of eviction. pp. 276, 277.

9. COVENANTS.—*Breach of Warranty.*—*Questions of Law or Fact.*—Whether a warrantor was properly notified of an eviction suit, and what part he took in the suit, are questions of fact. p. 277.

10. COVENANTS.—*Breach of Warranty.*—*Evidence.*—The evidence was insufficient to show that plaintiff was evicted by a title paramount to that of his warrantor, where there was no evidence to show the source of title of plaintiff's warrantor, nor of the claimant of the paramount title, or to show that there was an adjudication in such eviction suit concerning the respective priorities of title of plaintiff's warrantor and the party claiming the paramount title. p. 278.

11. COVENANTS.—*Breach of Warranty.*—*Damages.*—Where plaintiff's father, owning land under a warranty deed, conveyed to plaintiff, who, upon his father's death, was one of six heirs, and, a judgment of eviction having been obtained against plaintiff by

the holder of such title, the heirs paid the holder of such title for his claim of title, plaintiff could at most recover from his father's warrantor one-sixth of the amount paid, since it must be presumed that the payment by the heirs was in discharge of their liability on the decedent's covenant.   p. 279.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Martin Pence against Rebecca Rhonemus. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John A. Kersey* and *David P. Long,* for appellant.
*S. L. Stricler* and *J. F. Charles,* for appellee.

IBACH, J.—Appellant sued appellee, the widow of George Rhonemus, deceased, to recover for the breach of the covenants contained in a deed executed by decedent in his lifetime and to enforce a resulting trust against appellee, the covenantor's donee.

The complaint avers the execution of a warranty deed by George Rhonemus to Lewis Pence in January, 1872, whereby 26⅔ acres of land in Grant County, Indiana, were conveyed to him.   In February, 1882, said Lewis Pence conveyed the same land by warranty deed to appellant, so that the covenants contained in the Rhonemus deed were transmitted to him.   Afterward in 1902, as the result of an action brought by one Long, who claimed and proved a paramount title to that of Rhonemus, appellant was evicted from the land, and he suffered damage thereby to the amount of $2,300. In January, 1903, and while the Long suit was pending in the Appellate Court of Indiana, George Rhonemus purchased a tract of land, paying therefor the sum of $5,500 and caused it to be conveyed to appellee, and from that time until his death, he did not have sufficient property subject to execution, out of which appellant's claim could be made.   Appellee paid nothing for the land, but took it to defraud appellant, consequently she should be held to be a trustee for the payment of his claim.   A general denial by appellee finally closed the issues.   There was a judgment

Pence *v.* Rhonemus—58 Ind. App. 268.

for appellee. We are required to consider only the two assignments in the motion for a new trial, that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Assuming for the time being, that the evidence discloses that the land involved in the Long case was sufficiently identified as the land conveyed by Rhonemus, and that there was a defect in Rhonemus's title, and that Long's title was paramount to that of Rhonemus, before appellant would be permitted to recover under the averments of his complaint, it was incumbent upon him to show that at the time other land was purchased by Rhonemus and the deed taken thereto in the name of appellee, appellant was then a creditor of said Rhonemus, or that he became a subsequent creditor and that the conveyance was made in such manner as to defraud creditors. The statute which applies to this case is as follows: "Every such conveyance shall be presumed fraudulent as against the creditors of the person paying the consideration therefor; and where a fraudulent intent is not disproved, a trust shall, in all cases, result in favor of prior creditors, to the extent of their just demands, and also in favor of subsequent creditors, if there be sufficient evidence of fradulent intent." §4018 Burns 1914, §2975 R. S. 1881. This statute makes a clear distinction between prior and subsequent creditors. As to prior creditors, a trust shall be declared to exist unless a fraudulent intent is disproved; as to subsequent creditors, if there be sufficient evidence of fraudulent intent. In the one class of cases, where there are existing creditors of the donor, and the transfer of property is made under facts similar to those averred here, a fraudulent intent is at once presumed; but as to subsequent creditors, fraud must be proven, and the burden of proving the several elements of fraud is on the subsequent creditor.

It appears from the evidence that in August, 1902, appellant conveyed the land in suit by warranty deed to Allen

Pence, who reconveyed it to appellant on February 14, 1904, by a quitclaim deed, wherein appellant assumed all claims against the land; that the Long suit was filed in December, 1902, and a judgment rendered by reason of which appellant was evicted, on July 28, 1904. Rhonemus was not made a party to the Long suit, neither was appellant, until after the land had been reconveyed to him by his brother Allen, more than a year after the Long suit had been filed, when he petitioned the court to be made a party defendant and was allowed to defend. Appellant testified that he notified Rhonemus of the pendency of the suit, and that Rhonemus appeared and employed an attorney to defend appellant's title. When the Long suit was begun, appellant did not own the land, from which he was later evicted, although he had previously held it under a deed from Lewis M. Pence, his father, Rhonemus's immediate grantee of certain lands, neither did he have possession of such land, consequently was not a party to the suit, but he again acquired title after said suit was begun and after Rhonemus purchased other land and had the title conveyed to appellee, in which a trust is sought to be declared in this case. On January 29, 1903, the date of such deed to appellee, appellant had not been and could not be evicted from the land involved in the Long suit. At that time he was liable to Allen Pence, his grantee, on his covenants of warranty, and Rhonemus was likewise liable to said Allen Pence, and to the intervening grantees on his covenants of warranty. The statutory form of

3. warranty deed includes a covenant that the grantor is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof, that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims. §3958 Burns 1914, §2927 R. S. 1881. These covenants run with the land.

Conceding, for the purposes of discussion, that appellant was evicted from lands warranted to Lewis M. Pence, his

grantor, by a title paramount to that warranted to
4. Lewis M. Pence by Rhonemus, Do the facts shown in
evidence as detailed above, render appellant a cred-
itor of Rhonemus on January 29, 1903, the date when
Rhonemus purchased lands and took the title thereto in his
wife's name? No one would have a right of action upon the
covenants for more than nominal damages until eviction
from the land. When Rhonemus paid for the land which
was deeded to his wife, he was contingently liable to the
successive grantees holding the lands which he had war-
ranted to Lewis M. Pence. Appellant was likewise con-
tingently liable to Allen Pence on his covenants of warranty.
If Allen Pence should be evicted in the Long suit, he then
would have a right of action on the covenants against any
one or all the warrantors, and any succeeding warrantor,
if sued on the covenants, would have an action against Rhon-
emus.

The decisions in this and other states as to when a right
of action upon covenants arises, are not wholly in accord.
Some of our decisions hold that a right of action does not
arise until eviction, provided the warrantor has been able
to transfer possession. *Hooker* v. *Folsom* (1853), 4 Ind.
90; *Hannah* v. *Henderson* (1853), 4 Ind. 174. Others hold
that a warrantee has the right to recover nominal damages
because of an outstanding claim against his title, prior to
eviction, or assertion of such title. *Mason* v. *Cooksey*
(1875), 51 Ind. 519; *Mauzy* v. *Flint* (1908), 42 Ind. App.
386, 83 N. E. 757. Perhaps a part of the apparent confusion
in these cases may be removed on the hypothesis that the
courts were considering in certain of them the liability which
arises on a particular one of the several covenants which
are embraced in the statutory covenant of warranty. How-
ever, our courts seem to have settled that the existence of a
contingent liability, such as the liability of a warrantor who
has conveyed land when the paramount title was in another

at the time of conveyance, but whose grantee has not been evicted, is such a liability that the covenantees are his creditors within the meaning of §4018 Burns 1914, *supra. Wright* v. *Nipple* (1883), 92 Ind. 310; *Bowen* v. *State* (1889), 121 Ind. 235, 23 N. E. 75; *Rhodes* v. *Green* (1871), 36 Ind. 7; *Gannard* v. *Eslava* (1852), 20 Ala. 732; *Sallaske* v. *Fletcher* (1913), 73 Wash. 593, 132 Pac. 648, 47 L. R. A. (N. S.) 320, note, Ann. Cas. 1914 D 760.    To make one person a creditor of another in cases under statutes such as §4018, *supra,* it is not essential that an ascertained sum of money be actually due to him at the time of the transfer. It will be sufficient if it appear that the debtor has obligated himself in some manner which may result in his liability to another person.    When that liability is once ascertained, it relates back to the inception of the original obligation, and constitutes the party in whose favor the obligation was made a creditor at that time.

There was no evidence in this case of an actual intent to defraud creditors. Appellant, however, must be held to have been an existing creditor of George Rhonemus in January, 1903. Therefore, on proof that a conveyance of land for a valuable consideration was made to appellee, and the consideration therefor was paid by George Rhonemus, there arose a presumption that such transfer was fraudulent as against Rhonemus's creditors, which presumption was sufficient, unless fraudulent intent was disproved, to support appellant's averments in his complaint of fraud as to him.    §§4017, 4018 Burns 1914, §§2974, 2975 R. S. 1881.    This presumption may be overcome by a showing that the debtor at the time of the transfer had a sufficient amount of other property out of which his debts might have been collected.    *Jones* v. *Snyder* (1889), 117 Ind. 229, 20 N. E. 140; *Eiler* v. *Crull* (1887), 112 Ind. 318, 14 N. E. 79.

Appellant alleged in his complaint that Rhonemus was insolvent at the time of the transfer, but failed to prove this

allegation.   It is held by our courts that in suits under
6.   §7474 Burns 1914, §4915 R. S. 1881, to set aside
fraudulent conveyances, the plaintiff must show that
at the time of the transfer, the transferor did not have suffi-
cient other property out of which the claims of the plaintiff
could be met, in order to show a fraudulent intent.   *Sell* v.
*Bailey* (1889), 119 Ind. 51, 21 N. E. 338; *Richey* v. *McKay*
(1905), 36 Ind. App. 539, 75 N. E. 161, 1090.   But according
to the plain words of §4017 and §4018, *supra,* in a suit to de-
clare a trust under this section, a *prima facie* case is made out
merely by showing a conveyance of lands to the defendant,
the consideration for which was paid by another as to whom
the plaintiff was a creditor at the time of the transfer.
Then the burden is on the defendant to overcome this *prima
facie* case, either by showing that the debtor at the time of
the conveyance had a sufficient amount of other property
out of which the debt might have been collected, or by other
evidence to disprove fraud.   This suit was brought under
§4018, *supra,* and it was therefore unnecessary for appel-
lant to aver or prove anything as to the solvency of Rhone-
mus at the time the deed to his wife was made.   The aver-
ment of the complaint as to his insolvency may be disre-
garded as surplusage.

It is urged that appellant, by taking title under a quit-
claim deed from Allen Pence, under which he was holding at
the time of the eviction, has lost the right to sue on
7. the covenants of warranty in Rhonemus's deed.

There is no merit in this objection.   The covenants
of warranty run with the land.   The grantor who conveys
his interest in lands by a quitclaim deed conveys to his
grantee all the interest which he has in the land, and if such
grantor himself holds under a warranty deed, he conveys
by his quitclaim deed the right to sue on all the covenants
which run with the land.   8 Am. and Eng. Ency. Law (2d
ed.) 146; *Dehority* v. *Wright* (1885), 101 Ind. 382, 384.

In the previous discussion we have assumed that appel-

lant was evicted from lands warranted to Lewis M. Pence, his grantor by a title paramount to a title warranted to said grantor by George Rhonemus, as is averred in the complaint. It is now our duty to decide whether the evidence shows such a breach of Rhonemus's covenant. The rule is well stated in the case of *Morgan* v. *Muldoon* (1882), 82 Ind. 347, 351, "If a warrantee retire before a paramount title, he must, in such an action as this, show that it was paramount, unless that fact has been established by a judgment or decree in a suit of which the covenantor was properly notified, in which case the judgment or decree is conclusive evidence of the validity of the paramount title." The only evidence as to whether Rhonemus was notified of the suit by which appellant was evicted, and took part in such suit, is the following testimony of appellant: "Q. You may state if you were a party to a suit brought by David P. Long in the fall or winter of 1902 concerning 26 acres of land down there that you had formerly received from your father? A. Yes, sir. Q. You may state if you notified George Rhonemus of that case? A. Yes, sir. Q. You may state if he appeared and employed Stricler to defend your title. A. Yes, sir." Although portions of the record in the Long case were introduced in evidence, there is nothing therein to show that Rhonemus was notified or took any part in the case, and it appears that he was never a party to the suit, nor is it shown that Stricler, the attorney, appeared or took any part. It is not enough to notify a warrantor of the pendency of an eviction suit, in order to bind him by its result. There must be a request to defend. *Teague* v. *Whaley* (1898), 20 Ind. App. 26, 31, 50 N. E. 41. There is no evidence in this case of a request to defend the Long case, therefore no evidence of a notice because of which Rhonemus would be bound by the eviction suit. In the absence of a proper notice to defend, we do not believe the mere testimony that "Rhonemus appeared and employed Stricler to defend" appellant's title, is such that the court

was required necessarily to find that Rhonemus was bound by the judgment in the eviction suit.   It is a question of fact as to whether proper notice was given, and as to what part Rhonemus took in the suit.   *Morgan* v. *Muldoon, supra,* 353.   Sometimes, where it appears from the record that the covenantee became a party, an inference of proper notice may be made, without direct evidence as to notice.   *Morgan* v. *Muldoon, supra.* But here there is no evidence from the record in the Long suit that Rhonemus became a party thereto, or employed an attorney who appeared in that suit.   Appellant's statement that he appeared and employed an attorney may mean very little.   Perhaps Rhonemus employed an attorney who investigated, became satisfied that there was no liability on Rhonemus's part, and withdrew.   There is no evidence that the attorney did defend appellant's title.   It does not appear that Long's complaint disclosed the source of his title.   So far as the evidence shows, it was merely a complaint in partition.   It has been held that ''There must be some formal entry, or plea, or motion, or official act, to constitute an appearance; and this should be of record and tried by the record.''   *McCormick* v. *First Nat. Bank* (1876), 53 Ind. 466, 471.   See, also *Rhoades* v. *Delaney* (1875), 50 Ind. 468. We are not here considering the sufficiency of appellant's evidence to support a decision in his favor; the question is, whether his evidence is such that a decision against him must be overthrown.   To sustain a decision, every legitimate inference from the evidence may be resorted to.   The evidence is such that the court may have concluded that appellant had not overcome the burden upon him to show that Rhonemus was properly requested to defend the eviction suit, or that he took such part in its trial that he was bound by the judgment therein.

The next question is, Did appellant show that he was evicted in that suit by a title paramount to that warranted by Rhonemus?   Rhonemus would only be liable if the title

by which appellant was evicted was paramount, not only to the title which appellant held at the time of eviction, but also paramount to the title which Rhonemus warranted to appellant's predecessor. There was in evidence a deed of George Rhonemus and wife to Lewis M. Pence of the following real estate: "Commencing at the southwest corner of the southeast quarter of the northwest quarter of section number ten, township twenty-four range six east; running thence north 80 rods; thence east 53 rods and 5½ feet; thence south 80 rods; thence 53 rods and 5½ feet to place of beginning, containing 26⅔ acres more or less." Also a deed from Lewis M. Pence and wife to Martin Pence of "the east half of the northwest quarter of section 10, township 24 north of range 6 east containing 80 acres more or less." Then the entry docket and order book docket of the circuit and superior courts of Grant County, showing various entries and orders relative to a suit which was begun by a complaint in partition by David P. Long against Allen Pence and others, filed December 28, 1902, to which Martin Pence was substituted a party defendant, and filed four paragraphs of answer, to which demurrers were sustained, and he refusing to plead further, a judgment was rendered against him in favor of David P. Long and three others quieting their title to the following real estate, "commencing at the southwest corner of the east half of the northwest quarter of section ten in township tweny-four north, range six east, running thence east 45½ rods; thence north 94 rods; thence west 45½ rods; thence south 94 rods to the place of beginning, containing 26⅔ acres, * * * * and that defendant Martin Pence has no right, title or interest in and to said real estate." No pleading in the case is set out in the record, and there is nothing beyond the entries above mentioned, except the copy of the opinion of the Appellate Court spread of record in the court below, which opinion is the same as that reported in *Pence* v. *Long* (1906), 38 Ind. App. 63, 77 N. E. 961. There is nothing

save this opinion to show what was contained in the pleadings in the Long case. The opinion does not show what were the averments of the complaint, it deals entirely with four paragraphs of answer of Martin Pence, which are held insufficient to withstand demurrer. In these answers Martin Pence claims title to the land by virtue of a deed from Mary and William Laforge in 1893, and says that Long is a child by a former marriage of Mary Laforge, who conveyed during a subsequent marriage, land obtained from her former husband. The only thing decided in this opinion is that if the facts averred in these answers are true, Long's title set forth in his complaint is superior to a title conveyed to Pence in 1893 by William and Mary Laforge. There is nothing to show any adjudication concerning the respective priorities of the title warranted by Rhonemus to Lewis M. Pence in 1872, and that of Long. Neither in the opinion in the Long case nor in the evidence in this case is there anything to show the source of Rhonemus's title, nor of the title averred in Long's complaint. All the facts averred in Martin Pence's answers may have been true, and still Long recovered on a title asserted in his complaint, and acquired otherwise than in the manner mentioned in the answers. We think appellant failed to make out his case in that the evidence is not such as to show that he was evicted by a title paramount to that which Rhonemus warranted, and we think it doubtful whether the evidence sufficiently identifies the land from which he was evicted with that warranted by Rhonemus.

We may also add that the evidence does not show that Martin Pence, independently of the other heirs of Lewis M. Pence, was damaged by reason of the eviction suit. The evidence shows that the six heirs of Lewis M. Pence from the proceeds of his estate paid to Long $2,000 for his claim of title, and Martin Pence paid him $300 personally for rents and profits. Since, according to the evidence, Lewis M. Pence conveyed by warranty deed

the land to Martin Pence from which he was evicted, and since said covenant was binding on his heirs and his estate (§3958 Burns 1914, §2927 R. S. 1881) it will be presumed that the payment made by the heirs was made to discharge their legal liability on their ancestor's covenant, and not as a gratuitous contribution. Martin Pence can not be allowed to recover twice on the covenant. The right of recovery would be in the heirs of Lewis M. Pence, and Martin Pence as one of the heirs, could in any event recover but one-sixth of the amount paid by them.

The evidence is such that the court was justified in holding that appellant had not made out his case. Judgment affirmed.

NOTE.—Reported in 108 N. E. 129. As to proof of fraud in fraudulent conveyances, see 11 Am. St. 757. As to the. question of whether secondary liability constitutes a debt or equity for purposes of a suit to avoid a conveyance as fraudulent as to creditors, see 47 L. R. A. (N. S.) 320. See, also, under (1) 20 Cyc. 757, 752; (2) 20 Cyc. 394, 761; (3) 11 Cyc. 1088; (4) 20 Cyc. 421; (5) 20 Cyc. 395, 752; (6) 20 Cyc. 394; (7) 11 Cyc. 1099; (8) 11 Cyc. 1127, 1105; (9) 11 Cyc. 1105; (10) 11 Cyc. 1158, 1181; (11) 11 Cyc. 1167.